HARDY v. CLOE.

Opinion delivered July 14, 1924.

1. HIGHWAYS—DUTY OF DRIVER OF AUTOMOBILE PASSING TEAM.—In an action for damages caused by plaintiff's team becoming frightened by defendant's automobile, it was error to instruct the jury upon the duty of defendant to stop his automobile, under the statute (Crawford & Moses' Dig., § 7428), which had no application where both vehicles were going in the same direction.

2. HIGHWAYS—CARE IN PASSING TEAM—JURY QUESTION.—In an action for damages for injuries sustained when defendant's automobile passing plaintiff's team made them unmanageable, what defendant should have done in the exercise of ordinary care *held* for the jury.

3. HIGHWAYS—NEGLIGENCE—JURY QUESTION.—In an action for injuries sustained when defendant's automobile in passing plaintiff's team made them unmanageable, whether defendant was negligent in driving at an unreasonable speed, or in passing on the wrong side, or in driving unnecessarily close to the plaintiff's team, *held* for the jury, without reference to Crawford & Moses' Dig., § 7428.

4. NEGLIGENCE—REFUSAL OF INSTRUCTION ON CONTRIBUTORY NEGLIGENCE.—In an action for damages for injuries sustained when

defendant's automobile frightened plaintiff's team in passing and made them unmanageable, an instruction to the effect that plaintiff was guilty of contributory negligence if he had recently been injured and had not fully recovered his strength, was properly refused, though such fact could be considered by the jury in determining whether plaintiff was negligent.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

*Rice & Rice,* for appellant.

*Vol T. Lindsey,* for appellee.

SMITH, J. Appellee alleged and offered testimony tending to show that he was driving a wagon loaded with hay, drawn by a team of mules, on one of the public roads of Benton County, and that appellant, who was driving an automobile at an excessive speed, going in the same direction, passed him by going to his right and so near the wagon as to frighten his team. That he lost control of the team, and some of the bales of hay were thrown from the wagon, and he fell in front of the wagon, which ran over him and broke his leg. That appellant gave no warning of his approach, and, when he discovered appellant's presence, he attempted to drive over on the right-hand side of the road to allow appellant to pass, but, before he could do so, appellant flashed by so close to the wagon and at such speed as to frighten the mules and to cause them to become unmanageable.

Appellant denied that he was driving rapidly, and testified that his car was under complete control, but that appellee was driving in the middle of the road, but nearer the right than the left side of the road, and that he blew his horn for appellee to pull over to the right to allow him to pass on the left, and, when appellee failed or refused to give him space to pass on the left, he drove by on the right, where there was more space for passing. That the team did not appear to be frightened, and that he drove by without knowing that they had become so, and that he knew nothing of appellee's injury until he was told about it later.

The court gave, over appellant's objection, an instruction numbered 2, reading as follows: "The court

charges the jury that § 12 of act 134, Acts of 1911, reads as follows: 'Whenever it shall appear that any horse, ridden or driven by any person upon any of said streets, roads and highways, is about to become frightened by the approach of any such motor vehicle, it shall be the duty of the person driving or conducting such motor vehicle to cause the same to come to a full stop until such horse or horses shall have passed, and, if necessary, assist in preventing accident. Any person convicted of violating this section shall be fined in any sum not to exceed two hundred dollars.' "

Upon objection being made to this instruction, the court added the following modification: "But, before the defendant in this case could be held to be liable under this section, it must appear to him as his reasonable belief that the team driven by the plaintiff in this case was about to become frightened by the approach of defendant's motor vehicle, or had become frightened."

The instruction as thus modified was also objected to, and an exception was saved to the action of the court in giving it.

The giving of this instruction was error, for the reason stated in the case of *Fleming* v. *Oates,* 122 Ark. 28, where the same instruction was given, it being copied from § 12 of act 134, of the Acts of 1911, found as § 7428, C. & M. Digest.

In that case, as in this, the automobile had passed a slower vehicle, both going in the same direction, and we there said: "The purpose of that statute was to require drivers of automobiles to come to a full stop when they observe that an approaching horse, ridden or driven by another traveler, is about to become frightened. The statute imposes an absolute duty on the driver of the automobile to stop, and liability for damages arises from a violation of that statute. We think, however, that the statute was not intended to impose the absolute duty upon the driver of an automobile to stop his machine because a team in front, going in the same direction,

appears to be frightened, but, under those circumstances, it is left to a trial jury to say whether, under all the circumstances of the case, the driver of the automobile had been guilty of negligence.''

Again construing this statute in the case of *Russ* v. *Strickland*, 130 Ark. 406, we said: ''Since the enactment of this statute, the driver of a car cannot determine for himself whether it is as safe or safer to proceed than it is to stop (where he is meeting a frightened team). The law has decreed that he must stop his car, and he is under the duty to do so, although, in his opinion, some other course may be safer. His failure to stop the car under these circumstances is therefore negligence, and renders him liable for any injury of which it is the proximate cause, provided the party injured is not himself guilty of negligence contributing to his injury.''

This section of the statute does not undertake to define what action the driver of the automobile shall take when he passes an animal being driven in the same direction, and the statute therefore has no application under the facts of this case. The driver of the automobile must, of course, exercise ordinary care in doing so, but the measure of this care has not been defined by the statute, except where one meets a frightened team, so that it is a question of fact in such cases as the instant one for the jury to decide what the driver of the car should have done in the exercise of ordinary care, and this conclusion should be reached without considering the statutory requirement applicable to a different situation.

The modification or addition to the instruction did not cure this error because, as we have said, the statute did not apply to the facts of this case.

Instruction numbered 3, given at the request of the appellee, is substantially to the same effect, and was erroneous for the same reason.

Other instructions given properly submitted to the jury the question whether appellant was driving at an unreasonable speed, and, if so, whether this was the

proximate cause of the injury, and whether also, under the circumstances, it was negligence for appellant to have passed the wagon on the right side instead of passing it on the left.

Appellant may have been negligent in driving at an unreasonable speed, or in passing on the wrong side, or in driving unnecessarily close to the team; but these were questions of fact to be passed upon by the jury, without reference to the statute copied into instruction numbered 2, and, if appellant was guilty of negligence in any of these respects, appellee would have the right to recover, unless he was himself guilty of negligence contributing to his injury.

An instruction asked by appellant on the subject of contributory negligence was refused by the court. This instruction was based upon testimony that appellee had been previously and recently injured in an automobile accident, and had not fully recovered his strength, and the requested instruction would, if given, have told the jury that this constituted contributory negligence. This instruction was properly refused, for the reason that it constituted a charge upon the weight of testimony. It was, of course, proper for the jury, in passing upon the question of appellee's contributory negligence, to consider whether his physical condition was such that he was unable to exercise that control over his team which another traveler on the road had the right to expect; but this was a question of fact for the jury, and not one of law for the court.

Except in the particulars indicated the case appears to have been submitted under correct instructions, but, for the errors indicated, the judgment is reversed, and the cause is remanded for a new trial.