C. M. FERGUSON & SON v. WHITE.

4-5276       121 S. W. 2d 894

Opinion delivered November 28, 1938.

*Rowell, Rowell & Dickey,* for appellant.

*A. J. Johnson* and *T. S. Lovett, Jr.,* for appellee.

BAKER, J. The appeal in this case is from a judgment rendered in the Lincoln circuit court of February 14, 1938. The appellee had sued the appellant for $203 for damages alleged to have been sustained in the following manner.

The appellee owned a team of mules. During the month of May, 1937, they were hitched to a wagon and were driven by two negro employees of the appellee along state highway No. 13 near Yorktown in Lincoln county. A servant or employee of the appellant was driving a truck along the said highway behind or to the rear of the wagon to which the mules were hitched going in the same direction. As he approached the wagon and team of mules he began sounding his horn which caused the mules to take fright. One of the negro employees in the wagon signaled to the truck driver attempting to have him desist from sounding the horn, but it is charged that this servant trailed or followed the mule team and continued to sound the horn until the team ran away. Some damage was done to the wagon. The team broke loose from the wagon, ran off the highway and down an embankment and into a tree. One of the mules was apparently uninjured, but the other is said to have had slight cuts on his legs, but was thought to have suffered only minor injuries. An attempt was made to use the team for several days thereafter. The mule that had been slightly injured, as it was thought, would stop to rest. One of the negro witnesses in describing the condition of the mules after the injury, said that the mule that later died was faster than the other, that it took two or three to catch him, that after the injury anyone could go to him and catch him, that he was "kinda stove up," that he worked him straight along during the following week, but he acted like he didn't want to eat anything. While he was ploughing him about a week later the mule fell dead.

The proof developed that the wagon did not belong to the plaintiff, Mr. White. It was one that he had borrowed, but after the accident he had it repaired at the

expense of $13, which he paid. Proof also showed the mule that died or was killed to be of the value of $190. There were two matters presented upon this appeal. One is that the evidence is insufficient to support the verdict for the value of the mule and the second is that the plaintiff had no right to recover for the damages done to the wagon that he did not own.

The manner in which this runaway was caused is presented upon conflicting testimony. Appellant's servants deny that there was any negligence or improper conduct and present this case to the effect that the driver of the truck was merely following a wagon and team and gave the signal of his intention to pass. The proof, however, presented on the part of the appellee and by witnesses other than those connected with the incident is to the effect that the truck driver, as he approached the wagon and team of mules, began sounding his horn and notwithstanding the fact that the mules were frightened and began to run, continued to follow or trail the wagon and team until the team had broken loose from the wagon and ran away. This certainly was a disputed question of fact and the jury has decided that question against appellant's contention and that matter is now settled that there was negligence and the evidence is certainly substantial to support the verdict.

In the absence of any controlling statute or other authority we would be impelled to hold that the conduct of the driver of the truck, as described by the witnesses, was negligent and that the master would be liable for any damages caused thereby. Section 6640 of Pope's Digest prescribes the duties of one driving an automobile when he meets a frightened team and the opinion in the case of *Hardy* v. *Cloe,* 165 Ark. 253, 263 S. W. 968, is to the same practical effect. Only an effort to fill space would justify further discussion of that matter.

It is argued that the injuries to the mule were not sufficient to cause his death. It is true that the appellee and his servants did not think the mule was injured very seriously at first, but the proof is not disputed that from and after the day of this runaway, when the two mules ran down the hill and were brought to a stop, one

on one side of a tree and one on the other, one was injured. The injured mule, though he was worked afterwards did not recover. Though he had been hard to catch or bridle prior to that time, and it had sometimes taken as many as three to catch him, he gave no further trouble in that respect; although he was "high strung," quick and energetic, they had to stop and rest him frequently as he worked, and although they thought he would get better as he had time to get over the soreness caused by the runaway, he died within a week without real improvement. He fell and died while they were working him. We are asked to reverse this case because this evidence is unsatisfactory, at least, to appellant to show that the death of the mule was caused by injuries received in the runaway.

We cannot arrogate to ourselves any superior knowledge of the cause of the mule's death and loss to the owner over and above what was had by the trial court and jury. The matter was properly submitted to a jury for its determination and the verdict of the jury is final. The evidence is substantial.

The other matter which we are asked to consider and reverse is the judgment for damages to the wagon and it is suggested that if this judgment is permitted to stand the owner can now sue and recover a judgment for a like amount and the appellant would then have to pay twice. The appellee was in possession of the wagon, perhaps under obligation to take care of it, felt responsible for its condition, as a result of the accident. At any rate the proof is that he had the wagon repaired, that it cost $13 to restore it to its former condition; that Mr. White, the plaintiff, had paid that bill and the owner was not thereby damaged or injured. The only party suffering loss was Mr. White. The amount of his loss is not questioned nor is the method of proof. It is perhaps unnecessary to attempt a further discussion as the law of bailor and bailee is well known and established. In 3 R. C. L. 128, § 50, we find a statement substantially to the effect that it is a well settled rule that, as against a stranger or wrongdoer, a gratuitous bailee who is in the actual or exclusive possession of a

chattel, may recover possession in his own name against such stranger or wrongdoer who attempts to retain said property. It is also said in 6 C. J., pp. 1149, 1150, § 111, that a bailee in possession of property had special interest in it such as to entitle him to sue third persons for losses and injuries to the property or for disturbance of his possession, etc. This probably results from the fact that bailee is responsible for minor repairs. 8 C. J. S., p. 257, § 24.

Surely under this case the owner of the wagon who has suffered no loss or damage could not recover any.

There is no prejudicial error. Affirmed.