## CORNEY *v.* CORNEY.

### Opinion delivered June 4, 1906.

1. DECREE OF DIVORCE—FRAUD IN PROCUREMENT—VACATION.—Where a husband procured a divorce upon constructive service by falsely alleging that he resided in the county of the venue, and that his wife was a nonresident of the State, when both statements were false, and the wife, after the term of court had expired, brought suit to set aside the decree on the ground that it was procured by fraud, the court will vacate the decree and dismiss the original complaint for want of jurisdiction. (Page 291.)

2. DECREE—VACATION AFTER TERM.—Where a decree was obtained by a fraud upon the court's jurisdiction, as where a divorce suit was brought in another county than that of plaintiff's residence, a suit will lie to vacate such decree after term, whether there was a valid defense to the original suit or not. (Page 292.)

Appeal from Sebastian Chancery Court; *J. Virgil Bourland,* Chancellor; affirmed.

79—19

*Sam R. Chew,* for appellant.

A decree for divorce can be set aside to the extent only of permitting a defendant constructively summoned to appear and defend as for alimony. Kirby's Digest, § 6259. Before a judgment or decree will be vacated, the defendant must allege and prove that he has a valid defense to the action. Kirby's Digest, § 4434; 54 Ark. 539; 73 Ark. 281. Appellee's own testimony shows that she had no fixed or permanent residence in the State at the time the original suit was brought and warning order published. She was not a resident of the State within the meaning of the law. 43 Ark. 547; 8 Wend. 140; 2 Bish. Mar and Div. § § 124, 124a. The chancellor should have continued the cause to enable appellant to take testimony of witnesses showing that appellee was a resident of New York. The chancellor also erred in excluding testimony to show that appellant was coerced into the marriage.

*Meyers & Bratton,* for appellee.

The divorce obtained by appellant under the warning order published was a palpable fraud. The maxim that fraud vitiates everything applies to a decree of divorce. 2 Nelson's Div. and Sep. § 1050. The wife, not being the head of the family, of necessity has her residence with and at the home of her husband. 15 Am. & Eng. Enc. Law, 815. By her denials that she deserted appellant, and also that she coerced him into marriage, appellee has set up a meritorious defense.

McCULLOCH, J. Appellant, Robert B. Corney, obtained a decree for divorce from his wife, Mary F. Corney, in the chancery court of Sebastian County, Fort Smith District, on March 18, 1903. The suit was commenced on September 22, 1902, and a warning order was duly issued and published. Appellee brought this suit in said court to set aside the decree for divorce on the alleged ground that it was procured by fraud practiced upon appellee and upon the court. It is alleged in the complaint that appellant, at the time of the institution of said suit for divorce and during its pendency, was not a resident of the Fort Smith District, Sebastian County, but was a resident of Crawford County, Arkansas; and that appellee was, at the time, a resident of the State of Arkansas. She also alleged that appel-

lant made the affidavit upon which the warning order was issued with full knowledge that she was a resident of and was actually in the State, and that she was absent from her said husband by his procurement and command, and that she had not deserted him, as alleged in his complaint.

Appellant answered, denying all the allegations of fraud in the procurement of the decree and reiterating his allegations as to grounds for divorce. He also denied that appellee was residing in the State of Arkansas when the suit was instituted, or that he was not a resident of the Fort Smith District of Sebastian County at that time.

The cause was heard upon oral testimony adduced in open court, and a decree was rendered vacating and annulling the decree for divorce and striking appellant's original complaint from the files of the court.

The evidence sustains the findings of the chancellor that appellant was not a resident of the Fort Smith District of Sebastian County when he instituted and prosecuted the suit for divorce, and that appellee was in the State of Arkansas when the suit was instituted, and that appellant knew of her presence in the State. He was in frequent correspondence with her, writing letters to her in terms of endearment and expressing great solicitude for her health and happiness. He sent her money from time to time, and said nothing about suing for a divorce. Finally he addressed a letter to her at Green Forest, Ark., on September 20, 1902, just two days before he commenced suit for divorce, in which he sent money to enable her to go to Joplin, Mo., where he advised her to go for the benefit of her health. Appellant was then living at Van Buren, in Crawford County, Arkansas, engaged in the practice of medicine, and appellee was traveling about in Marion and Carroll counties, following some vocation or profession the precise nature of which is not disclosed by the testimony.

It is needless to add that appellant, under the state of facts detailed above, committed a fraud, not only upon his wife but also upon the court, in procuring a decree for divorce upon constructive service and in a court which had no jurisdiction of the subject-matter. Suits for divorce must be brought in the county where the plaintiff resides. Kirby's Digest, § 2674. He was then residing in Crawford County. He made affidavit, for the purpose

of procuring the issuance of a warning order, that his wife was not a resident of the State of Arkansas, when he knew that she was in the State, and he fraudulently induced her to leave the State immediately thereafter, without disclosing his purpose of suing for a divorce.

The principles of law announced by this court in *Womack* v. *Womack,* 73 Ark. 281, sustain the decree of the chancellor vacating the divorce decree.

It is contended, however, by counsel for appellant that the court erred in refusing to permit appellant to introduce testimony tending to establish the grounds for divorce set forth in the original complaint, and in refusing to consider the cause upon the original complaint after vacating the decree. In *Womack* v. *Womack, supra,* this court held that, as a condition precedent to the maintenance of a suit to vacate a decree for divorce on the ground of fraud in its procurement, it must be adjudged that there was a valid defense to the original suit. In that case, however, the court had jurisdiction of the cause of action set forth in the original complaint for divorce, whilst in the case at bar the court had no jurisdiction because the plaintiff did not live in the county.

When the court vacated the decree on the ground of fraud in its procurement, nothing remained to be done but to dismiss the original complaint for want of jurisdiction to proceed further. It is true, appellee did not in her complaint pray that the original suit be dismissed, but only asked that the decree be vacated so that she could defend against the allegations of the original complaint. Her failure, however, to ask for that relief, or even her express consent to a trial of the issues raised by the original complaint, could not confer jurisdiction upon the court.

We find no error in the decree, and the same is in all things affirmed.

HILL, C. J., not participating.