KNIGHTS OF MACCABEES OF THE WORLD *v.* GORDON.

Opinion delivered May 13, 1907.

1. JUDGMENT—VACATING—SHOWING OF DEFENSE.—Under Kirby's Digest, § 4434, providing that "a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which it is rendered," at least, a *prima facie* showing of a defense to a judgment is necessary to authorize the court to vacate the judgment and order a new trial. (Page 21.)

2. INSURANCE—PAROL CONTRACT.—A parol contract of insurance by a mutual benefit society is valid where the contract is complete except as to the issuance of a certificate or policy. (Page 22.)

Appeal from Mississippi Circuit Court; *Allen Hughes,* Judge; affirmed.

*F. Zimmermann,* for appellant.

1. If fraud is established, the judgment should be vacated; if the showing made is not sufficient to establish fraud, the judgment should nevertheless be vacated on the ground of unavoidable mistake. Kirby's Digest, § 4431, subdiv. 7; 73 Ark. 281; 63 Ark. 323.

2. Appellant alleged a good and conclusive defense in this: the original complaint is based upon verbal promises by an alleged agent, against which was produced the application in writing of the insured for an entirely different contract from that alleged in the complaint; and the petition alleged fraud on the part of insured in making misstatements in his application relating to his habits in the use of liquors, and the fact that he died from excessive use thereof. 74 Ark. 1; 72 Ark. 621.

3. In this case there was no policy or certificate of insurance ever issued. The complaint is not based upon a certificate or policy, but, at best, only upon an alleged verbal promise. Hence, the statute under which process was sought to be served in this case does not apply. Kirby's Digest, § 4378. The Legislature could not have had in mind a lodge officer who, either from ignorance or fraudulent collusion, suppresses the summons, where the principal has not been negligent. See 59 Ark. 608.

4. The complaint is insufficient to support the judgment.

*J. T. Coston,* for appellee.

1.   There was no motion for a new trial, and no bill of exceptions was settled and approved by the trial judge. There is nothing before this court except the pleadings and judgment. 58 Ark. 400.

2.   If the alleged bill of exceptions be treated as such, it is fatally defective because it does not purport to contain *all the evidence.*   54 Ark. 162.

BATTLE, J.   In 1905 Maggie Gordon commenced an action against the Knights of the Maccabees of the World in the circuit court of Mississippi County, for the Osceola District, and filed a complaint as follows:

The plaintiff states:

"1.   That she was the wife of William R. Gordon, who died January 14, 1905.

"2.   That the defendant is a fraternal society, clothed with the authority to issue certificates and policies of insurance upon the lives of individuals.

"3.   That about the 20th day of November, 1904, the defendant sent its agent in the person of William Welcher, to the said William R. Gordon, and solicited him to become a member of said fraternal society, and apply for insurance therein upon his life, and accordingly the said William R. Gordon applied for membership in said fraternal society and a certificate or policy of insurance to be issued by said fraternal society in the sum of five hundred ($500) dollars upon his life, payable to plaintiff, and paid the said agent the fees entitling him to said membership and certificate or policy of insurance.

"4.   That at the time said agent received said money from the said William R. Gordon and took his application for membership and insurance the said agent represented to the said William R. Gordon that if he, the said William R. Gordon, was approved by the medical board of the defendant, this payment of money to said agent would entitle him to said insurance certificate or policy, and in the event of his death before the same was issued the plaintiff would be entitled to said insurance and could collect it.

"5.   That on the 25th day of November, 1904, the medical board of the defendant approved the application of the said Wil-

liam R. Gordon for membership and insurance, denominated by said defendant as a life benefit membership in defendant's fraternal society, and so notified the said William R. Gordon.

"6.   That the defendant had a subordinate lodge in the town of Osceola, Osceola District, Mississippi County, Arkansas, and William Seegers is its chief officer.   The defendant denies its liability, and refuses to pay the amount of said insurance.

"7.   Wherefore plaintiff prays judgment against the defendant for the sum of five hundred ($500) dollars and for general relief."

Upon that cause coming on to be heard, the defendant failed to appear, and the court found that the defendant was duly and legally summoned to appear and answer the complaint of the plaintiff, and that defendant was legally and justly liable to her in the sum of five hundred dollars, and rendered judgment in her favor for that amount.

On the 24th of June, 1905, the Knights of the Maccabees of the World commenced this action against Mrs. Gordon in the Mississippi Circuit Court for the Osceola District to set aside her judgment against it, alleging, among other things, that it had valid defenses against her action.   It alleged that "William R. Gordon made application for membership, and that he paid his initiation fee, his medical examination and benefit certificate, amounting to $6.25, of which only $1.00 came to defendant (plaintiff) for a certificate, the rest being retained by the local tent for its expenses, and 25 cents going to the medical examiner.   *   *   *   In said application said William R. Gordon answered certain questions and signed the following agreement, to-wit: 'I hereby agree that the above are true answers to the foregoing questions, and that these statements, together with those made to examining physician in this application and the laws of the Supreme Tent of the Knights of the Maccabees of the World now in force or may be hereafter adopted, together with my certificate of membership, shall form the basis of this contract for beneficial membership; that any untrue answers, any suppressions of facts or neglect to pay any assessments which shall be made by the said Supreme Tent within the time provided by the laws thereof, or neglect to pay the dues fixed by said laws, in the manner and at the time

provided by said laws, or the by-laws of the tent of which I may belong, shall vitiate my benefit certificate and forfeit all payments thereon. I also agree that this application shall not be binding on said Supreme Tent until approved by the Supreme or District Medical Examiner and I am initiated in accordance with the laws of the said Supreme Tent, nor shall I be entitled to participate in the benefit funds of the said Supreme Tent until I have paid my advance assessment.' "

It further alleged "that, among the answers to the questions propounded to said applicant in said application and the truth of which were warranted, were the following: 'Have you been intoxicated during last year?' Answer. 'No.' 'State your habits as to the use of liquors?' Answer. 'None.' 'Were you ever addicted to the intemperate use of liquors?' 'Answer. 'No.' * * * That each and every one of the foregoing answers to questions were untrue and fraudulent; that said W. R. Gordon had frequently been intoxicated within one year before he made said statement; in fact, that he became intoxicated whenever opportunity offered; that he was continually using liquors to excess, and had been doing so for many years; and that his death was due directly to the excess in the use of liquors; that, being in ignorance of the fraud committed by said Gordon in his said application, it approved his medical examination, and prepared a certificate of membership, and notified him that he should present himself for initiation, but he never did so, nor did he ever pay any advance assessment or any other assessment; that said W. R. Gordon died January 14th, 1905, but no proof of death, as required by its laws, was ever furnished to it, and no demand has ever been made for the sum claimed in said action."

Mrs. Gordon answered the complaint, and specifically denied these and the other allegations in the complaint.

No evidence was adduced or offered to prove the existence of the defences set up in the complaint.

T. W. Porter, secretary of the local lodge of the Knights of the Maccabees of the World at Osceola, in this State, testified, in behalf of the plaintiff, that William R. Gordon was initiated in that lodge; that his application for insurance was approved, and he was entitled to the certificate of insurance.

The court denied the prayer of the complaint, and held the judgment recovered by Mrs. Gordon to be valid; and plaintiff appealed.

This action was brought under section 4431 of Kirby's Digest, subdivisions fourth and seventh. This section provides that the court in which the judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order "upon the grounds therein enumerated." Section 4433 provides that proceedings to vacate or modify a judgment under these subdivisions "shall be by complaint, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On complaint, a summons shall issue and be served, and other proceedings had as in an action by proceedings at law." Section 4435 says: "The court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action." And section 4434 is, in part, as follows: "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid cause of action."

The statute provides that a complaint shall be filed, and, after issue and service of summons, other proceedings shall be had as in proceedings at law. Accordingly, if an answer should be filed denying the existence or truth of the defenses alleged in the complaint, it would devolve upon the plaintiff to adduce some evidence to sustain his complaint in this respect. For the statute expressly provides that "a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered," etc. It would necessarily follow that, if the judgment could not be set aside upon motion or complaint, evidence must be heard by the court before it could adjudge that there is a valid defense. But, as the truth of the defenses are not finally tried in the proceedings to vacate the judgment, enough evidence to make a *prima facie* showing of the truth or existence of the defenses would be sufficient to authorize the court to vacate

the judgment. When this is done, the judgment should be set aside and a new trial granted in the action in which the judgment was rendered. *Hunton* v. *Euper,* 63 Ark. 323; *Chambliss* v. *Reppy,* 54 Ark. 339.

In this case the defendant, Mrs. Gordon, denied that the plaintiff had the defenses to her action that it alleged it had. No evidence to prove that it had was adduced. Consequently, it (plaintiff) was not entitled to an order vacating the judgment against it and to a new trial.

But appellant insists that the complaint of Mrs. Gordon in her action against it was not sufficient to support the judgment recovered by her. The allegations of her complaint show that, according to its stipulations made by its agent, William R. Gordon was entitled to a certificate of insurance for the benefit of his wife, and those allegations are supported by the testimony of T. W. Porter in this action of appellant. This was sufficient to support the judgment recovered by Mrs. Gordon. Parol insurance against fire has frequently been held valid, and the same has been held as to life. There is no reason why parol contracts of insurance by mutual benefit societies should not be valid, wherever the agreement has been entered into and completed, except as to the issuance of a certificate or policy. *Lorscher* v. *Supreme Lodge of K. of H.*, 72 Mich. 316; 1 Bacon's Benefits Societies and Life Insurance (3d Ed.), § 172; 1 Joyce on Insurance, § 34, and cases cited.

If appellant's contention as to defects in Mrs. Gordon's complaint is correct, its remedy was by appellate proceedings, and not by the action it adopted.

Judgment affirmed.