JEROME HARDWOOD LUMBER COMPANY *v.* JACKSON-
VREELAND LAND CORPORATION.

Opinion delivered October 8, 1923.

1. JUDGMENT—SUIT TO VACATE—EFFECT OF DISMISSAL.—Where judgment defendants filed a complaint seeking to vacate the decree under Crawford & Moses' Digest, § 6290, to which respondents filed an answer and cross-complaint, wherein affirmative relief was prayed, and the motion to vacate was subsequently dismissed, the cross-complaint was properly dismissed, as the only issues that can be raised under the statute are, first, whether or not there exist the grounds alleged for vacating the judgment, and, second, whether or not there is a valid defense to the action.

2. JUDGMENT—SUIT TO VACATE—DISMISSAL.—On a complaint to vacate a judgment under Crawford & Moses' Digest, § 6290, the court does not come to the issue as to whether or not there is a valid defense until it has first determined whether or not there are any grounds to vacate the judgment; and when the complaint is dismissed, there is no longer a cause of action pending for vacating the judgment.

Appeal from Chicot Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

*J. G. Williamson, Lamar Williamson* and *Adrian Williamson,* for appellant.

The pleading filed by Munsell *et al.* conformed strictly to the provisions of C. & M. Digest, § 6292, and constituted, in fact, a complaint, the beginning of what is called a "suit" or "case," and proceeds as a new action. That they denominated their pleading a "motion" did not change its substance, nor its real nature and purpose. C. & M. Digest, § 6293; 15 R. C. L. 673-674; 122 Ark. 71-72. When appellant answered, and joined issue, properly filing a cross-complaint and counterclaim, as was its duty, in order to plead every defense, both legal and equitable, it had, the court was thus given complete jurisdiction both of the subject-matter and the parties. C. & M. Digest, § 1194; 70 Ark. 505; 71 Ark. 484; 87 Ark. 148; 134 Ark. 311-314; 135 Ark. 531. The cross-complaint filed in answer to the interveners' pleading, being a proper counter-demand

and cross-action, service of summons on them was not necessary. 49 Ark. 431, 437; 146 Ark. 595, 598; 43 Ark. 496 *et seq.* But the relief sought in the cross-complaint made Jackson-Vreeland Land Corporation a necessary party. C. & M. Digest, § 1196. The dismissal of the original complaint of Munsell *et al.* did not have the effect of destroying the jurisdiction of the court, but leaves the cross-complaint unaffected. C. & M. Digest, § 6236; 14 Ark. 666; 29 Ark. 612; 45 Ark. 177; 18 Corpus Juris, 1161 and note; 89 Tex. 622; 35 S. W. 1056; 101 Ark. 142, 146. Equity should adjudicate all issues, having acquired jurisdiction. 130 Ark. 107; 114 Ark. 206; 83 Ark. 554; 2 Crawford's Ark. Digest, "Equity," 1865, *et seq.*

*Henry & Harris* and *Streett, Burnside & Streett,* for appellees.

The filing of a pleading to vacate or modify a judgment or order rendered at a former term is not the beginning of a new action. It is a statutory proceeding, and the statutory requirements will control. C. & M. Digest, §§ 6290, 6294, incl.; 120 Ark. 255; 104 Ark. 449; 83 Ark. 17. The first inquiry is, has the petitioner legal grounds to vacate? and, second, has he a valid defense to the original action? 99 Ark. 377; 97 Pac. 1028; 133 Ill. 444; 134 N. W. 628; 112 Pac. 1170; 83 Atl. 755; 23 Cyc. 958; 15 R. C. L. 717; *Id.* 719; *Id.* 724.

WOOD, J. The case of Jerome Hardwood Lumber Company *et al.* v. Jackson-Vreeland Land Corporation, E. G. Munsell, A. W. Askins and A. A. Dixon, was prosecuted to final decree in the Chicot Chancery Court on January 20, 1922, an adjourned day of the regular November term of said court. On May 1, 1922, the November term of said court having lapsed, E. G. Munsell, A. W. Askins and A. A. Dixon filed their motion to vacate the decree above mentioned. The motion to vacate contained allegations relied upon by proponents in justification of their prayer. On September 7, 1922, respondents filed an answer and cross-complaint to the motion

to vacate, wherein they prayed affirmative relief. On September 13, 1922, a day in vacation, proponents dismissed or withdrew their motion. On November 6, 1922, a day of the November term of the court, respondents prayed judgment upon the cross-complaint.

The above is a brief statement of the facts made by the chancery court upon which it entered a final order, dismissing the cross-complaint of the Jerome Hardwood Lumber Company on the ground that the court was without jurisdiction, from which order is this appeal.

The ruling of the chancery court was correct. Section 6290 of Crawford & Moses' Digest provides, "the court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order," on certain grounds therein enumerated.

Section 6292 provides, "the proceedings to vacate or modify the judgment or order on the grounds mentioned * * * shall be by complaint, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On the complaint, a summons shall issue and be served, and other proceedings had as in an action by proceedings at law."

Section 6293 provides, "a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered."

Section 6294 provides, "the court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action."

In the case of *Knights of Maccabees of the World* v. *Gordon,* 83 Ark. 17-21, the court, having under review proceedings under this statute, said: "The statute provides that a complaint shall be filed, and, after issue and service of summons, other proceedings shall be had as in proceedings at law. Accordingly, if an answer should

be filed denying the existence or truth of the defenses alleged in the complaint, it would devolve upon the plaintiff to adduce some evidence to sustain his complaint in this respect. For the statute expressly provides that a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered, etc. It would necessarily follow that, if the judgment could not be set aside upon motion or complaint, evidence must be heard by the court before it could adjudge that there is a valid defense. But, as the truth of the defenses are not finally tried in the proceedings to vacate the judgment, enough evidence to make a *prima facie* showing of the truth or existence of the defenses would be sufficient to authorize the court to vacate the judgment. When this is done, the judgment should be set aside and a new trial granted in the action in which the judgment was rendered.''

These statutory provisions show clearly that a cross-complaint asking affirmative relief, in answer or response to the motion or complaint to vacate, is not contemplated. Such an action would be entirely beyond the scope of the issue raised by the special statutory proceeding to vacate a judgment or final order. The only issues that can be raised under this statute are, first, whether or not there exist the grounds alleged for vacating the judgment, and second, whether or not there is a valid defense to the action.

The court, under the express terms of the statute, does not come to the issue as to whether or not there is a valid defense until it has first determined whether or not there are any grounds to vacate the judgment. See *Knights of the Maccabees* v. *Gordon, supra; Ryan* v. *Fielder,* 99 Ark. 374; *Smith* v. *Minter,* 120 Ark. 255.

Since the court must first determine whether any grounds exist for vacating the decree, when the complaint setting forth such grounds is dismissed there is no longer a cause of action pending for vacating the judgment. The issue as to whether or not there is a

valid defense necessarily falls when the proponent or plaintiff withdraws or dismisses his motion or action to vacate, and the defendant in the action cannot, by any answer or cross-complaint, compel the plaintiff to litigate the issue as to whether or not any grounds exist to vacate the judgment.

The excellent written opinion handed down by the chancellor in this case shows a clear comprehension of this statutory proceeding when he said: "A motion to vacate, having been withdrawn before submission, robs the court of any pleading whereby it could determine whether or not there were sufficient grounds to vacate the decree, a condition precedent to the filing of a pleading such as is offered by respondent. Such pleading is in no way responsive to the issue raised by the motion to vacate. It was premature in that it had no place in the files of the court until after the decree had been vacated."

In 23 Cyc. 958, it is said: "The party seeking to sustain a judgment, as against a motion to set it aside, may present for the consideration of the court affidavits in opposition to those of the moving party, in regard to the alleged grounds for vacating the judgment or the matters set up in excuse of defendant's failure to make his defense in due time, provided such counter-affidavits set forth facts, and not merely matters of inference, conjecture, or belief; but the affidavit of merits cannot be thus controverted. As it is only required to show a *prima facie* defense, and the court is not to inquire into its truth, counter-affidavits as to the facts of the defense are not admissible." See also 15 R. C. L. 717.

To construe the act as contended for by learned counsel for the appellees would be to annul § 6294, C. & M., *supra,* and would compel the court to hold the cause in order to give the defendant in the action to vacate an opportunity to try out the issue raised by his cross-complaint. Such procedure, as already stated, is not contemplated in an action under the statute to vacate a judgment or final order. The doctrine of *Coats* v. *Milner,*

134 Ark. 311, and the other cases upon which the appellees rely, have no application to actions brought under the above provisions of our statute.

Let the decree be affirmed.

McCulloch, C. J., (dissenting). The conclusion of the majority seems to be based entirely on the separation of the two issues on a motion to vacate a judgment or decree. In the opinion it is said (erroneously, I think) that, under the express terms of the statute, the court "does not come to the issue as to whether or not there is a valid defense until it has first determined whether or not there are any grounds to vacate the judgment." This statement is, I think, in the face of the language of the statute itself, which provides that "a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action." This means that the court must have an opportunity to ascertain whether or not there is a valid defense—not merely that a defense is tendered; and we have held in many cases, as conceded by the majority, that the party seeking to set aside the judgment or decree must introduce enough testimony to make a *prima facie* defense. The two issues must be presented and considered together and determined before any order can be made vacating the judgment. It is true that the statute does not contemplate that there shall be a trial anew of the case on the motion to vacate, but the statute does not prohibit such a procedure. There is no rule of procedure provided in the statute as to the trial of the motion, further than to require that the judgment shall not be vacated "until it is adjudged that there is a valid defense to the action."

All of our cases dealing with this subject related to motions in courts of law to set aside judgments, and of course the rule must necessarily be followed in a court of law, that the merits of the controversy are not to be completely tried out on the motion to vacate, for the reason that, after the court has set aside the judg-

ment, the parties are entitled to a trial on the merits before a jury. Therefore it is correct to say that, on the hearing of a motion to set aside a judgment at law, it is only necessary to introduce enough proof to make out a *prima facie* case, and that, after the judgment is set aside, the cause will then be heard on its merits as if there had been no former judgment. However, in an application to a court of equity to set aside its own decree, there is nothing in the statute which prevents the court from hearing the whole proceedings at once, and it seems to me to be good practice to do so.

The language of the statute is very plain that a motion to vacate must present two issues—one as to the grounds for vacating the judgment, and the other as to the defense to the original action. In any event, there must be an adjudication upon a *prima facie* showing that there is a valid defense. In the recent case of *Osborne* v. *Lawrence,* 123 Ark. 447, we said:

"The only attempt made by the petition to show the existence of a valid defense was to introduce the answer above mentioned; and we think this showing insufficient to meet the requirements of the statute. It is true that only a *prima facie* showing of a valid defense is required, and it is not contemplated that the cause shall be fully heard upon its merits; but such showing should be made as that, in the absence of proof to the contrary, a finding would be made that a valid defense existed to the cause of action sought to be set aside. We think the mere filing of an answer insufficient to meet this requirement."

It is unimportant to inquire as to the correctness of the statement of the law quoted in the majority opinion from the encyclopedias, to the effect that evidence cannot be offered in opposition to the showing of merit, though that statement seems to be in conflict with the law stated by Judge BATTLE in the opinion in *Knights of Maccabees of the World* v. *Gordon,* 83 Ark. 17. Whether that be the correct rule or not, it is certain that the

motion must, as before stated, present the two issues, and proof must be introduced in support of them. These two issues are tendered from the moment that the motion is filed, and I can see no reason why the party seeking to uphold the judgment should not be allowed to file a cross-complaint, which, if sustained, would obliterate or annul the defense set forth in the motion.

The opinion in the case of *Knights of Maccabees of the World* v. *Gordon, supra,* shows clearly that the filing of an answer in opposition to the motion is contemplated, and, if this be true, it surely is permissible to file a cross-complaint with the answer. It should necessarily follow, I think, that, if an answer and cross-complaint can be filed before the judgment is vacated, then a dismissal of the motion to vacate does not cut off the right to prosecute the counterclaim.

The decision of the majority in this case tends to narrow instead of broaden the wholesome provisions of our Code of Practice in allowing counterclaims for the purpose of settling all litigation in one action. The lawmakers themselves have, by the recent statute, greatly broadened the scope of the counterclaim (Crawford & Moses' Digest, § 1195), and the present decision is not, I think, in harmony with the liberal policy indicated by the lawmakers.

My conclusion is therefore that appellants had a right to file a cross-complaint as soon as the motion to vacate was filed setting forth, as it was necessary to do, a defense to the action, and that the dismissal of the motion did not cut off appellant's right to prosecute the cross-complaint.