BARKSDALE *v.* BARKSDALE.

Opinion delivered February 1, 1926.

1. JUDGMENT—DECREE WITHOUT NOTICE FRAUDULENT.—Where the defendant in a suit for divorce was sued as a nonresident when in fact he was a resident of the county, and he was never served with process, and had no notice of the suit, the procurement by plaintiff of a decree by default upon constructive service was a legal fraud practiced upon the court.

2. JUDGMENT—FRAUD IN PROCUREMENT.—Where, in a suit for divorce, plaintiff's counsel withheld the complaint and other papers in the suit, and, though notified by defendant's counsel that he desired to answer the complaint, he afforded defendant no opportunity to do so and took decree by default, his conduct was tantamount to a legal fraud upon the court, and the decree will be set aside, upon a showing of a meritorious defense.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; reversed.

*Zeb A. Stewart* and *T. P. Oliver,* for appellant.

WOOD, J. An action was instituted by Beulah E. Barksdale on October 10, 1923, in the Union Chancery Court, Second Division, against Hugh T. Barksdale. She alleged cruel and inhuman treatment, and such indignities to her person by the appellant as to render her condition in life intolerable. The complaint was filed October 10, 1923. Among the papers, but not filed, was an affidavit of the appellee in which she stated that the appellant was a nonresident of the State, and asked that a warning order be issued. The record shows that a warning order was issued on October 15, 1923, and on that day John Carroll was appointed attorney *ad litem* for the appellant. There appears also in the record proof of publication of the warning order by Lewis C. Callow, the business manager of the Countrymen's News and El Dorado Times, a weekly newspaper published at El Dorado, Arkansas, showing that the warning order had been published for four consecutive weeks in that paper. This proof of publication appeared among the papers in the cause, but was not marked filed. There also appears in the transcript a notice to H. T. Barks-

dale to take depositions at the office of E. F. Gathright, a notary public of Union County, the depositions to be taken at Strong, Arkansas, on the 29th of October, 1923. This notice was filed October 10, 1923. There is no return of service on this notice, either on the appellant or on the attorney *ad litem*. There also appears in the transcript what is designated as the deposition of Beulah E. Barksdale in the form of an affidavit. It does not show when and where it was made and does not bear any filing mark.

There is also the purported affidavit of M. O. Brooks, styled a deposition in the cause, but it likewise does not show that it was filed, when or where it was taken. Likewise the purported deposition of Mrs. J. W. Honeycutt in the form of an affidavit, but it does not state when and where it was taken. There appears in the transcript, however, the certificate of E. F. Gathright, a notary public, dated May 7, 1924, stating that the foregoing depositions of Beulah Barksdale, M. O. Brooks, and Mrs. Honeycutt were taken before him at the time and place mentioned in the caption. The place mentioned in the caption was Gathright's office, and the time for the deposition to be taken was October 29, 1923. The certificate recited that plaintiff alone and her attorney were present at the time of the taking of the deposition.

On May 15, 1924, the chancery court of Union County, Arkansas, entered a decree reciting that the cause was heard "upon the complaint of the plaintiff, the depositions of the witnesses on behalf of the plaintiff regularly taken in this cause after notice of taking of same having been duly given, together with service by publication of warning order for four consecutive weeks, in the Countrymen's News and El Dorado Times, a weekly newspaper published in El Dorado, Union County, Arkansas," and reciting that the plaintiff appeared by her attorney, C. A. Love, and that the defendant came not, but wholly made default, and the decree further recites that the defendant had due and legal notice of the pendency of the action, and that "the court finds that all

the material allegations of the complaint are true, and that the plaintiff is, and should be, and is entitled to an absolute divorce from the defendant." The court then entered a decree to that effect.

The record shows that on the 16th of May, 1924, the appellant filed what he designates his "motion, answer and cross-complaint," in which he alleged that he had never been served with summons in the action; that no notice had been given him by publication as required by law; that he was and had been at all times since the institution of the action a citizen and resident of Union County, Arkansas; that he had not been absent from said county since the filing of the complaint; that the appellee at all times knew that the appellant was a resident of the State; that he was informed by his counsel that none of the papers in the cause were filed in the office of the clerk of the court; that he was also advised by his counsel that a decree was entered the day before, May 15, 1924, granting to the plaintiff an absolute divorce; that his counsel had applied to the clerk for the papers in the cause and had been advised that the papers were not on file; that his counsel, before the decree was entered, requested counsel for plaintiff to take no action in the cause until the 16th, when they could confer with the defendant, but, notwithstanding this fact, the cause was submitted on May 15, 1924, and a decree, order and minutes and memorandum thereof made on the court's docket, but that no decree had ever been entered of record on the judgment record of the court. The defendant alleged that he had a good and meritorious defense to the action, and, although he was unable to obtain a copy of the complaint, he alleged that, for the purposes of his motion, he denied all of its allegations, and specifically denied that he had cruelly treated and abused the plaintiff.

Appellant then alleges, in what he designates a cross-complaint, that he and the appellee, after their marriage on June 23, 1917, had lived and cohabited together as husband and wife until August, 1923, at which time the appellee abandoned the appellant, and had since that

time refused to live and cohabit with him; that she had also offered indignities to his person such as to render his condition in life intolerable; that she had been guilty of wrongful, illegal, immoral and unlawful relations with other men, amounting to adultery with one M. O. Brooks. He alleged that Brooks had written to his wife a certain letter and set forth its contents, which, if true, would tend to prove that his wife had been guilty of adultery with Brooks. He alleged that two children had been born to him and his wife, a boy two years old and a girl four, and averred that his wife was not a fit person to have the custody of the children and to rear them. He alleged that he had been an actual resident of Union County for more than one year past, and the cause of divorce existed within the State within five years before the commencement of the action, and he prayed that the decree entered be set aside and that appellant be permitted to file his answer and cross-complaint as above set forth, and that he be awarded the care and custody of his children.

The appellee answered the motion and cross-complaint, alleging that legal notice had been given appellant, and denied their allegations. She reiterated the allegations of her original complaint and tendered proof of publication of the warning order, and made the same an exhibit to her answer. She alleged that the appellant at the time the appellee filed her complaint in the original action, was living in Oklahoma, and did not return until the latter part of October, 1923. She alleged that, after appellant's return from Oklahoma in November, 1923, he procured an attorney to represent him in appellee's original action against him for divorce; that appellant, by and through his attorney, in January, 1924, served a written notice upon the appellee that he would take depositions to be read in evidence in the trial of the cause at the office of attorney Stein, in the city of El Dorado, on the 10th of January, 1924; that appellant notified the appellee that he had filed his answer on November 23, 1923; that both notices were filed as exhibits "B" and "C". The

appellee then alleged that appellant, after being legally notified of the cause of action against him, refused to answer the complaint, and a decree was entered in her favor by the court after the court heard the evidence sustaining the charges set forth in the complaint. Appellee then specifically denied the charges made in the appellant's so-called answer, motion and cross-complaint, and concluded with a prayer that the decree theretofore rendered be allowed to stand, and that appellant's motion, answer and cross-complaint be dismissed. She prayed for temporary alimony and support for herself and children, and $75 attorney's fee.

The appellant filed a reply to the appellee's answer to his motion, answer and cross-complaint, denying that there was any warning order issued in the original action, and denying that there was any affidavit or proof of publication of said warning order, and denying that any depositions were filed in the action, and that any depositions were filed on the part of the appellee, and that there was any notice to take depositions served upon the appellant, although he had been at all times a citizen and resident of Union County. He denied that he was a citizen of Oklahoma at the time of the filing of the original complaint, and all the other allegations of the appellee's answer to his motion, answer and cross-complaint. He alleged that he had no notice of the pendency of the action against him until he saw an account in the newspaper that a decree had been rendered against him on May 15, 1924. He denied that the alleged notices, marked exhibits "B" and "C," had been filed with the appellee's reply to his motion, answer and cross-complaint, and denied that any decree had been rendered against him upon legal evidence, and denied that the appellee was entitled to alimony and attorney's fee, and prayed as in his motion, answer and cross-complaint.

With the issues thus made on the motion to set aside the decree, the appellant gave notice to the appellee of the taking of depositions on June 18, 1924, at the law office of Stewart & Oliver at El Dorado, Arkansas.

Depositions were taken, pursuant to such notice, of Hugh T. Barksdale, Ethel Dollar, William Jackson and Mrs. Alice Barksdale. Later, by agreement of counsel, the depositions of Mattie Barksdale were taken. All these depositions were read on the hearing of the motion of the appellant to set aside the decree, and the court on November 5, 1924, entered an order refusing to vacate and set aside the decree and overruling the motion on the ground that same was filed out of time and not presented to the court during the term, to which ruling of the court the appellant duly excepted. He prayed, and was granted an appeal to this court.

A transcript of the entire record of the proceedings was filed in this court on December 11, 1924, and an appeal granted by the clerk of the court. Although the appellant's counsel in their brief alleged that, ''there being a question in their minds as to whether the order of November 5 was such a final order as could be appealed from, they were therefore appealing from the decree itself of May 15, 1924,'' yet it is obvious from the entire record that counsel were seeking to have the decree of May 15, 1924, vacated and set aside. The court therefore treats the appeal granted by the clerk of this court on the transcript lodged here as an appeal from the order of November 5, 1924, refusing to vacate and set aside the decree of May 15, 1924.

Section 6290 of C. & M. Digest provides that ''the court in which a final judgment or final order has been made, shall have power, after the expiration of the term, to vacate or modify such judgment or order * * * Second: By a new trial granted in proceedings against defendants constructively summoned. * * * Fourth: For fraud practiced by the successful party in the obtaining of the judgment or order. * * * Seventh: For unavoidable casualty or misfortune preventing the party from appearing or defending.''

The allegations of appellant's motion to vacate the decree were to the effect that no notice of the action had been served upon him; that he was at the time the com-

plaint was filed a citizen and resident of Union County, Arkansas, and had not been absent since the filing of the complaint; that no notice of the publication of the warning order had been given or filed; that the complaint upon which the action was based had been withdrawn from the files of the court and was in the possession of the plaintiff's attorney, and that appellant's attorney had no opportunity to examine the pleadings, as the same were not on file, and requested the plaintiff's attorney not to take action until appellant's attorney had an opportunity to examine the complaint, and that, notwithstanding such request, the counsel of the appellee proceeded to procure the decree as set forth of May 15, 1924. He then denied the allegations of the complaint as set forth in the record, which complaint was filed October 10, 1923. He further set up that he had a good defense to the action, and that he himself was entitled to a divorce, and alleged grounds as above set forth in the motion, and asked that the decree of May 15, 1924, be set aside, and that he be permitted to defend the cause, and that he be awarded a decree for divorce and the custody of his children.

The appellee answered the motion denying its allegations, and alleged that appellant, at the time the action was instituted, was a citizen of Oklahoma, and tendered a proof of publication of the warning order, and alleged that the appellant notified the appellee by written notice on November 23, 1923, that he would file his answer in the cause, but did not do so. The appellee then denied that the appellant had a meritorious defense to the action, and denied that his alleged grounds for divorce existed.

Without setting out and discussing in detail the testimony adduced by the appellant to sustain the allegations of his motion, it suffices to say that his testimony tended to prove the allegations of his motion to vacate, and, although the appellee answered denying the allegations of the motion, and appeared by her attorney at the hearing thereof, still she did not adduce any testimony

tending to controvert appellant's testimony or tending to sustain the allegations of her answer and response to the motion to vacate. It occurs to us therefore that the trial court erred in refusing to hear appellant's motion to vacate the decree of May 15, 1924, on the ground that same was filed out of time.

The appellant certainly made a *prima facie* showing of a meritorious defense to the action, and the proof adduced by him also tended to show that the procuring of the decree under the circumstances was at least tantamount to a legal fraud practiced upon the court. If it was true, as appellant alleged, and his testimony tended to prove, that appellant, before and at the time of the filing of the action, was a citizen and resident of Union County, Arkansas, then he had not been served with summons as the law provides, and the rendition of a decree upon constructive service was a legal fraud practiced upon the court. Although the appellee, in her answer to the motion, alleged that appellant was a nonresident of the State at the time of the institution of the action and issuing of the warning order, nevertheless she did not introduce any testimony tending to support these allegations and to controvert the testimony of the appellant. The testimony of the appellant and his witnesses tended clearly to prove that appellant had not only a meritorious defense to the action, but that he himself had grounds for divorce. Moreover, appellee's counsel, as appellant alleged and his testimony tended to prove, had withdrawn the complaint and other papers in the action, and was notified by appellant's counsel that they desired to answer the complaint, and appellee's counsel did not furnish appellant's counsel with a copy of the complaint, nor restore the same with the other papers in the cause to the files of the court, but the next day proceeded, on the contrary, to take a decree as if by default against the appellant. Such conduct on the part of appellee's counsel, if it occurred, was tantamount to a legal fraud on the court, and such conduct on the part of appellee's counsel would be sufficient to constitute an un-

avoidable casualty or misfortune preventing appellant from appearing and defending.

In *Hunton* v. *Euper,* 63 Ark. 323, upon the hearing of a motion to vacate a judgment, it appeared that a summons was issued on the original suit, and that a return upon it stated that it had been served upon defendant Euper by delivering to him a copy. Euper swore that he had never been served with process in the case, and that he knew nothing of the judgment until long after the term of court had elapsed at which it was rendered. In that case the court held that the facts brought that case fairly within the spirit of the statute allowing judgments to be vacated for unavoidable casualty or misfortune preventing the party from appearing and defending. The facts in the case at bar come well within the doctrine of that case, and are even stronger for the application of the statute. If it was indeed true, as the appellant alleged, and his testimony tended to prove, that appellant at the time of the institution of the action was a citizen and resident of Union County, Arkansas, then it would necessarily follow that the affidavit of the appellee was false upon which the warning order was issued. If appellant was a resident of Union County, Arkansas, at the time the affidavit for warning order was made, and at the time such order was issued, and if appellant and his counsel did not know of the pendency of the action until on the very day the decree was rendered, at which time there were no papers on file in the cause, and if appellee's counsel proceeded to take the decree predicated upon alleged constructive service without restoring the papers, and giving appellant's counsel an opportunity to answer, then, in legal effect, the entire proceedings were as if appellant had neither actual knowledge nor constructive notice thereof, and same were therefore null and void. Section 6238, C. & M. Digest; *Grinstead* v. *Wilson,* 69 Ark. 587.

In *Corney* v. *Corney,* 79 Ark. 289, we held that, where a husband procured a divorce upon constructive service, falsely alleging that he resided in the county of the venue,

and that his wife was a nonresident of the State, when both statements were false, and the wife, after the term of court had expired, brought suit to set aside the decree on the ground that it was procured by fraud, the court will vacate the decree and dismiss the original complaint for want of jurisdiction. That doctrine applies here. We are convinced that the appellant has alleged and proved sufficient facts to show that the decree of May 15, 1924, was rendered without sufficient notice to the appellant to give the court jurisdiction of the action, and also was obtained by legal fraud practiced on the court, and likewise that appellant has alleged and proved facts sufficient to show that he had a meritorious defense to the action. See *Holman* v. *Lawrence,* 102 Ark. 252; *Knights of Maccabees* v. *Gordon,* 83 Ark. 17; *Quigley* v. *Hammond,* 104 Ark. 449, where it is held that a party seeking to vacate a judgment must at least make a *prima facie* showing of a valid defense to the action in which the judgment was obtained.

Here the appellant has done more than that. The order of the court of November 25, 1924, is therefore reversed, and the cause is remanded with directions to allow the parties, if they so elect, to amend their pleadings, to adduce further testimony, and to hear appellant's motion to vacate, and for such other and further proceedings according to law, and not inconsistent with this opinion, as may be necessary to do justice between the parties.