FELDSTEIN *v.* FELDSTEIN.

4-7678                                        188 S. W. 2d 295

Opinion delivered June 11, 1945.

*Reid & Evrard* and *W. Leon Smith,* for appellant.

*Claude F. Cooper* and *T. J. Crowder,* for appellee.

Robins, J. By this appeal appellant, Rose B. Feldstein, seeks to reverse an order of the chancery court denying her motion to set aside a decree of divorce granted by that court to appellee, Raymond Feldstein, against appellant on February 22, 1943.

In her motion, which was filed on April 11, 1944, appellant alleged that both parties to the litigation were and had been at all times residents of New Jersey and that at no time in his life had appellee ever been a *bona fide* resident of Mississippi county, Arkansas; that appellee falsely stated appellant's address to the attorney *ad litem* and that she had never received any information or notice as to the pendency of the suit; that appellee perpetrated a fraud on the court and appellant in procuring the divorce decree; that she had a valid defense to appellee's suit in that appellee had never been a resident of Mississippi county; and she denied that she and appellee had lived apart for a period of three years, as alleged by him in his complaint.

The lower court denied appellant's motion on the ground that "the defendant has not shown a meritorious defense to this action for divorce."

Appellee has moved to affirm the order of the lower court on the ground that the evidence upon which appellant's motion was heard has not been brought into the record by bill of exceptions.

The order appealed from does not show that any oral testimony was introduced in the hearing below. Incorporated in the transcript are certain depositions (including depositions by both appellant and appellee) upon

which the matter appears to have been heard. These depositions are embraced in the transcript filed in this court and the pages thereof bear numbers showing them to be part of the duly authenticated record. Where the testimony has been taken by depositions such depositions, on filing thereof, become a part of the record and no bill of exceptions is required to bring them into the record on appeal.

By § 5216 of Pope's Digest of the laws of Arkansas it is provided: ''Depositions may be used on the trial of all issues, and upon all motions in actions by equitable proceedings, except where the court otherwise directs on an issue tried by a jury.''

In the case of *Lemay* v. *Johnson,* 35 Ark. 225, this court said: ''The depositions are brought upon the record by bill of exceptions, which was wholly unnecessary. In equity cases, all papers properly filed in the cause become, on appeal, parts of the record, to be included in the transcript.''

Chief Justice BUNN, in the case of *Western Coal & Mining Company* v. *Hollenbeck,* 72 Ark. 44, 80 S. W. 145, said: ''But, aside from this, this is a chancery case; the evidence was taken by depositions. In such cases the depositions, properly filed, become part of the record. There is no need of a bill of exceptions, because the chancellor has the whole record before him, and all legal issues are raised thereby for his consideration.''

Since the record does not disclose, and it is not claimed by appellant, that the lower court heard the motion on any evidence other than that contained in the depositions, the motion to affirm for want of bill of exceptions must be denied.

It appears from the testimony that these parties, after their marriage at Belmar, New Jersey, in 1935, went to Philadelphia, Pennsylvania, where they lived with appellee's parents for about a year. They then went to Trenton and lived together there until in July, 1936, at which time appellee left his wife and returned to Philadelphia. In the latter part of 1941, appellee came to Lit-

tle Rock where he rented a room. His landlady in Little Rock testified that he did not take his meals with her, that she did not know how many days he was there, and that he was away from Little Rock part of the time.

Appellee's explanation of his presence in Little Rock was that his employer in Philadelphia had contemplated opening a branch store in Little Rock, but appellee did not disclose what connection with this proposed store he had or was to have. In answer to a question as to how many days he was in Little Rock before he was inducted into the army appellee said: ''That is hard to say, to tell the truth. I had to, at times, come in to Philadelphia for business, but I still had maintained my residence in Little Rock from the latter part of December until April. I went into the army April 27, 1942.'' Appellee was sent into the army by his draft board at Philadelphia.

The only testimony of appellee in regard to his residence at Blytheville was the following: ''Q. Where were you stationed, before going to where you are now? A. Blytheville Army Air Field, Blytheville, Arkansas. Q. If your answer is that you were stationed at Blytheville, Arkansas, at the Army Air Field, state how long you were there. A. From July, 1942, until August 13, 1944. . . . Q. After you established your residence in Little Rock, did you change it? A. No, I only went into the military service.'' When questioned as to why he had given the attorney *ad litem* a non-existent location as the address of his wife he said: ''One of her friends told me she had moved and that might be her new address.''

The first knowledge appellant had that her husband had secured a divorce was when the War Department notified her that she was no longer considered a dependent of appellee. She then investigated and was advised by the Commanding Officer at Blytheville that appellee claimed to have obtained a divorce from her. The instant proceeding to have the divorce decree set aside was thereafter begun by her.

The evidence in this case is not sufficient to show that appellee ever became a *bona fide* resident of Arkan-

sas. His testimony as to an intermittent stay at Little Rock did not disclose any purpose or intention to become a permanent resident of this state. But, regardless of whether he was ever a resident of this state, the evidence conclusively shows that he never was a resident of Mississippi county. He was in that county only because he was sent there by his superiors in the army, and his testimony would justify a finding that, if in reality he established a residence in Little Rock, he never abandoned it. We have often held that a soldier acquires no residence in a locality merely because his military duties require that he sojourn there. *Kennedy* v. *Kennedy*, 205 Ark. 650, 169 S. W. 2d 876; *Mohr* v. *Mohr*, 206 Ark. 1094, 178 S. W. 2d 502.

Under § 4383 of Pope's Digest of the laws of Arkansas it is required that an action for divorce be brought in the county of the plaintiff's residence. Since appellee was never a resident of Mississippi county, the lower court had no jurisdiction of the action for divorce, and appellant, in order to set the decree of divorce aside, was not required to allege or prove a meritorious defense. In the case of *Corney* v. *Corney*, 79 Ark. 289, 95 S. W. 135, 116 Am. St. Rep. 80, we held (headnote 2): "Where a decree was obtained by a fraud upon the court's jurisdiction, as where a divorce suit was brought in another county than that of plaintiff's residence, a suit will lie to vacate such decree after term, whether there was a valid defense to the original suit or not." To the same effect is our holding in the case of *Hillman* v. *Hillman*, 200 Ark. 340, 138 S. W. 2d 1051.

The lower court erred in denying appellant's motion to set aside the divorce decree. The order of the lower court is, therefore, reversed and this cause is remanded with directions to the lower court to set aside its decree rendered herein on February 22, 1943, and to dismiss appellee's complaint for want of jurisdiction.