CHAMP *v.* CHAMP.

5-1617                                                   314 S. W. 2d 503

Opinion delivered June 23, 1958.

*Tommy H. Russell* and *Ruby E. Hurley,* for appellant.

No brief filed for appellee.

MINOR W. MILLWEE, Associate Justice. This appeal is from a decree sustaining the motion of appellee, Mary Champ, to dismiss a divorce suit filed against her in the Pulaski Chancery Court by appellant, Richard D. Champ, on the ground that he did not qualify as a legal resident of this state for the required time preceding the institution of the suit.

The parties were reared in Ohio where they resided at the time of their marriage in 1948 and they have three children. Appellant has been a member of the U. S. Air Force since 1944 and has been stationed at many bases "all over the world." During the past 2½ years he has been stationed at the Little Rock Air Force Base in this state while appellee and the children remained at their home in Columbus, Ohio.

On January 4, 1957, appellant filed the instant suit against appellee in the Pulaski Chancery Court alleging desertion and general indignities as a ground for divorce. On January 28, 1957, appellee filed a motion to dismiss for want of jurisdiction alleging both parties were residents of Franklin County, Ohio. In an amended and substituted complaint filed on September 30, 1957, appellant alleged three years separation as an additional ground for divorce.

At the hearing on appellee's motion to dismiss for want of jurisdiction it was shown that appellant filed a divorce suit against appellee in the Common Pleas Court of Franklin County, Ohio, early in 1956 alleging he was a resident of that state. He dismissed the petition for divorce when appellee filed a cross-petition upon which there was a hearing resulting in a "Decree of Legal Separation" on April 18, 1956, finding appellant guilty of "gross neglect." Appellee was given permanent custody of the children and awarded $50.00 per month alimony and $150.00 per month for support of the children. The decree also found that both parties were legal residents of Ohio and the dismissal of appellant's own cause of action to be with prejudice.

Appellant testified he had been stationed at numerous bases and was subject to reassignment at any time; that he had an Arkansas license tag on his automobile, an Arkansas poll tax receipt and had voted in the last election; and that he had lived off the base at a motel in North Little Rock for awhile but had moved back to the air base at the time of the trial. He was not asked and did not state his intentions as to making Arkansas his permanent home, but the motel owner where

he stayed about eight months testified that he heard appellant say he was going to make Arkansas his home if he ever left the service.

We have repeatedly held that a soldier acquires no residence in a locality merely because his military duties require that he sojourn there. *Feldstein* v. *Feldstein*, 208 Ark. 928, 188 S. W. 2d 295. In several cases we have approved the following statement from 19 C. J. 418: "The domicile of a soldier or sailor in the military or naval service of his country generally remains unchanged, domicile being neither gained nor lost by being temporarily stationed in the line of duty at a particular place, even for a period of years. A new domicile may, however, be acquired if both the fact and the intent concur." We have also often approved this headnote from *Ex parte White*, 228 Fed. 88: "Assuming that a member of the Army may change his domicile, and establish it at any place he sees fit, if not inconsistent with the military situation, his intention to change must be clear, and must be associated with something fixed and established as indicating such a purpose." *Kennedy* v. *Kennedy*, 205 Ark. 650, 169 S. W. 2d 876; *Mohr* v. *Mohr*, 206 Ark. 1094, 178 S. W. 2d 502; *O'Keefe* v. *O'Keefe*, 209 Ark. 837, 192 S. W. 2d 556.

The chancellor's finding that appellant did not qualify as a legal resident of this state in that he had not shown a real and *bona fide* intent to acquire and establish a permanent residence here is not against the preponderance of the evidence. The decree is, therefore, affirmed.