H. G. PUGH & CO. *v.* MARTIN.

Opinion delivered May 19, 1924.

1. JUDGMENT—PETITION TO VACATE—GENERAL ALLEGATION OF FRAUD.
—A petition or motion to vacate a judgment, which alleges
fraud, collusion and other irregularities, is insufficient on
demurrer if it fails to set forth facts sufficient to show that any
fraud was perpetrated upon the court in its rendition.

2. JUDGMENT—COLLATERAL ATTACK—MERITORIOUS DEFENSE.—Judg-
ments on collateral attack will not be vacated until a meritorious
defense is alleged and proved.

Appeal from Garland Chancery Court; *Jethro P.
Henderson,* Chancellor; affirmed.

- *Walter M. Purvis,* for appellants.

In the beginning the court should have ascertained
the identity of the person, persons or corporation for
whom the alleged trustee was acting, in order to deter-
mine the legal capacity to have said suit instituted by
said trustee or agent; and should have ascertained the
interest of the parties for whom he was acting, *i. e.,*
whether they had an interest therein that might be main-
tained at law or in equity. A trustee or agent will not
be allowed to maintain an action without disclosing the
identity of the party for whom he is acting. C. & M.
Digest, § 1087; 148 Ark. 323. If there is any misrepre-
sentation or concealment in a judicial sale, the same will
not be upheld. 84 S. W. 720; 2 Pomeroy, Equity, 958;
2 Beach on Trustees, 518; 74 Ark. 231. In equity, it is
sufficient to show facts and circumstances from which
fraud may be inferred. 33 Ark. 425; 119 Ark. 578, 180
S. W. 757. See also 35 Ark. 483. Appellants, by their
duly verified motion, alleged sufficient grounds to justify
the judgment and order of foreclosure on the *prima facie*
showing made. 97 Ark. 560.

WOOD, J. W. H. Martin, as trustee, on the 30th
day of May, 1922, instituted this action in the chancery
court of Garland County against the De Soto Spring
Corporation and others to foreclose certain deeds of
trust. He alleged that the deeds of trust and the notes

which they were given to secure had been duly transferred and assigned to him. The complaint set up that there was due in the aggregate at the time of the institution of the action something over $36,000. Filed with the complaint and made exhibits were the notes and deeds of trust duly executed by the De Soto Spring Corporation, and they described the property consisting of certain real estate and personal property in the city of Hot Springs. The corporation made no defense to the action, and a decree of foreclosure was entered on the 3rd of July, 1922. The decree granted the defendant five days within which to pay the debt and directed that, unless the same was paid, the property be sold, and appointed a commissioner to make the sale. On the day set for the sale, but prior to the time for the sale, the appellants intervened and filed a motion asking that the sale be postponed. The court granted the motion and reset the date for the sale. Various parties, including the appellants, filed exceptions to the report of the proceedings by the commissioner and to the confirmation of the sale. By agreement of counsel the court set October 9, 1922, as a date for hearing all exceptions that had been filed to the report of the commissioner and the confirmation of the sale. On that date all exceptions were abandoned except those that had been filed by the appellant. The court disposed of the exceptions filed by the appellants by the following order:

"That on October 9, 1922, said petitioners presented a motion in this cause to set aside the decree of foreclosure herein, and offered proof in support of the allegations contained in said petition. The court being of the opinion that the allegations of said petition constituted no defense to the action, said action being founded upon promissory notes of the defendant, De Soto Spring Corporation, secured by mortgages, and that no legal defense to said notes and mortgages was set up in said petition; that the facts alleged in said petition did not, if true, constitute fraud; that there were no sufficient allegations in said petition to show that said action was

not properly brought, and no defense having been made thereto up to the date of the judgment and decree in favor of plaintiff adjudging a foreclosure of said mortgages; the only issue in the trial being the validity of the notes and mortgages which were due and unpaid at the time of the decree, and upon this issue the court rendered its judgment and decree in favor of plaintiff, declaring a lien on the property described in the mortgages, foreclosing the mortgages and directing sale of the property if the judgment should not be paid, the only question before the court at that time being the disposition of the surplus arising from the sale, concerning which the motion herein considered raises no issue, the court is of the opinion that the motion to set aside the judgment of foreclosure and the sale had thereunder is insufficient to warrant the relief prayed for. The court therefore declined to hear proof in support of said motion, and overruled the same. From the ruling of the court the said interveners at the time excepted and prayed an appeal to the Supreme Court, which was granted. It is further ordered that this decree be entered as of date October 9, 1922, for the purpose only of showing the defendant's offer to introduce evidence to sustain the allegations of their petition, which was refused by the court.''

The petition or motion of the appellants to vacate the court's decree and set aside the sale contains substantially the following allegations: First, that since the rendition of the decree numerous suits have been filed against the corporation, and that judgments have been obtained through the fraud of the executive officers of the corporation establishing liens against the corporation's assets to the injury and damage of the petitioners. Second, that the action was instituted by W. H. Martin, as trustee, without disclosing the true name of the owner or of the parties for whom he acted as trustee and the owners of the debt secured by the mortgage; that, but for this action on his part, certain parties, able and willing to buy the property, would have been present and

become *bona fide* bidders at the sale. Third, that at the sale, had on September 2, 1922, under the decretal order of foreclosure herein, the property of defendant was declared sold to Nolan Blass, agent of Gus Blass Company, who had been advised of the defects of record heretofore referred to, but who is a business associate of Ike Kempner & Bros., the former owners of the $30,000 mortgage notes referred to herein in plaintiff's complaint as having been assigned and sold to him, as trustee, and that said Nolan Blass, having knowledge not possessed by other bidders at said sale, was thereby placed in position to bid thereat for the purchase of said property regardless of said defects herein, which defects were as follows: No indorsement whatsoever appears on the said three notes of $10,000 each, except the notation of date and record of filing herein by the clerk of this court, and no record of the assignment of said deed of trust, given to secure said note, or a change or substitution of trustee indorsed thereon; that, as to the second mortgage of $4,000, no record herein has been made showing that same or the notes for which same were given to secure payment thereof, has been assigned to said plaintiff as trustee, or otherwise.

"Fourth. That the sale herein referred to was irregular and prejudicial to the best interests of petitioners, in that there was present at the time and place of said sale one J. M. Steele, agent for an unknown bidder, who made a *bona fide* offer of $55,000 for said property, which offer was $5,000 more than the price bid by Mr. Nolan Blass, agent for Gus Blass Company, to whom said property was declared sold by the commissioner, and that the said J. M. Steele, or his attorney, announced, prior to the beginning of the sale, that the bond that he would make for his bid, if he should be declared the successful bidder, would be made through a surety company, or through bankers, and that, it being then past the hours of business for all the local surety companies or bankers, a Saturday afternoon, followed by a Sunday, and Labor Day, Monday, a legal holiday,

it might be impossible for his principal to perfect a satisfactory bond prior to a reasonable time during the next succeeding business days, or during the hours for the transaction of business by surety companies and bankers, on Tuesday following the Saturday on which said sale was had. That there were present at least two other responsible bidders at the original and first call for bids on said property, who bid substantial sums over and above the amount for which said property was declared sold by the commissioner; that one of said bids was $54,975, or $4,975 in excess of the amount for which said property was declared sold at a subsequent or second call for bids, and that this bid was made by a non-resident bidder (Mr. August Schlafly of St. Louis, Mo.), who stated that he was the true owner of the two mortgage debts for which this foreclosure suit was alleged to have been originally brought.

"Fifth. Further, petitioner states that, under the provisions of the charter of De Soto Spring Corporation, the owners of the preferred stock of said corporation are, under certain conditions enumerated therein, which conditions have existed for a period of time unknown to petitioner, *bona fide* creditors of said corporation, and that the conduct of plaintiff and others herein referred to as attempting to establish liens and priorities in behalf of certain creditors was and is prejudicial to their best interest and contrary to law and equity. That said notes were intended and calculated to defeat their just and legal rights herein.

"Sixth. That certain creditors and numerous owners and holders of preferred stock of defendant, De Soto Spring Corporation, have had no valid notice or any knowledge whatsoever of the impending impairment of their interest or the possible loss of their debt, which impairment has been brought about by conditions and circumstances solely within the knowledge of plaintiff and the executive officers of defendant corporation.

"And respectfully asked leave of the court to intervene herein, and for further grounds state: That peti-

tioners had a good, meritorious and valid, legal and equitable defense to said decree of foreclosure and each of the other judgments and orders entered herein which they were prevented from making by reason of the fraud and collusion of W. H. Martin, as trustee, plaintiff, proceeding herein without due and proper disclosure of the true plaintiff in said cause, and by reason of his fraudulent and collusive acts with Oscar Dillon, F. W. Fooshe, W. E. Shannahan, C. W. Whittaker, George W. Fooshe and C. E. Raef, who have been representing and holding themselves out to petitioners as officers and employees of said company, the De Soto Spring Corporation.

"That the said individuals, individually, jointly and collectively, have, from time to time, fraudulently sold to petitioners certificates of stock alleged to represent interests in an alleged duly organized and authorized Arkansas incorporated company, styled De Soto Spring Corporation, when, as a matter of fact, such an incorporated company does not now and never has existed, for the reason that no compliance with the laws of Arkansas has been made by the purported organizers thereof, and the said De Soto Spring Corporation is not now and never has been a duly and legally organized incorporated company under the laws of Arkansas.

"That said Oscar Dillon, F. W. Fooshe, W. E. Shannahan, C. W. Whittaker and George W. Fooshe, representing themselves to be duly and legally authorized and acting as officers of an Arkansas incorporated company, have from time to time procured by and with the aid and assistance of J. W. Whitlow, C. E. Raef and various other persons now unknown to your petitioners, fraudulently and unlawfully sold certain alleged certificates of stock to them.

"That petitioners are without sufficient information upon which to form any belief as to the validity of the alleged mortgage debts and obligations sued upon by plaintiff.

"Petitioners deny that said mortgage debts existed, and deny that each and all other debts sued upon by

plaintiff in said suit were in any way binding and valid legal liens against the property alleged to be mortgaged to secure and subject to said liens as alleged in said decree.

"Petitioners further state that they are without sufficient information to form any belief as to the legal or equitable right of said plaintiff, W. H. Martin, as trustee, to bring said suit, and petitioners further deny that said debts and obligations legally existed and that said plaintiff had any right, legally or equitably, to a decree of foreclosure to sell said property in satisfaction thereof."

The court was correct in disposing of the appellants' petition or motion to vacate the decree as if a demurrer had been filed thereto, and in refusing to allow appellants to introduce testimony in support of the allegations of the petition. While the petition alleges fraud, collusion, and many other irregularities, there is no allegation setting forth facts sufficient to show that any fraud was perpetrated upon the court in the rendition of its decree of foreclosure. No defense whatever is stated to the cause of action upon which the decree is based. On the contrary, the petitioners allege that they are "without sufficient information upon which to form any belief as to the validity of the alleged debts and obligations sued upon by plaintiff; that they are without sufficient information to form any belief as to the legal or equitable right of said W. H. Martin, as trustee, to bring said suit."

Neither the corporation itself nor any of those who were made parties defendant to the foreclosure proceedings denied the validity of the notes and deeds of trust to secure the same, which were the foundation of the foreclosure suits, and they made no suggestion that there was a defect of parties plaintiff, and set up no defense whatever to the notes and mortgages. The appellants, as general creditors of the corporation, are not in an attitude to plead the various irregularities and defects in the decree which they set forth in their petition without alleging any facts which constitute a fraud practiced

upon the court by the plaintiff in procuring the decree and without alleging any facts which constitute a defense to the foreclosure suit. Their petition or motion to vacate is in the nature of a collateral attack upon the decree of foreclosure. This decree was rendered on the 3rd of July, 1922, and the appellants did not intervene until the 11th of September, 1922, on which day they filed a petition praying the court to set aside the sale which had been made in pursuance of the decree of foreclosure September 2, 1922, and did not file their petition to vacate the decree until October 9, 1922, the date set for the hearing of all exceptions filed to the sale. Certainly, the court was justified in not vacating this decree unless facts showing fraud in the procurement of the judgment, or some valid defense to the action, were alleged. Section 6293, C. & M. Digest, provides that a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment was rendered. It is the doctrine of this court that judgments on collateral attack will not be vacated until a meritorious defense is alleged and proved. See *Jerome Hdw. Lbr. Co.* v. *Jackson, etc., Land Corp.*, 160 Ark. 303; *McDonald Land Co.* v. *Shapleigh Hdw. Co.*, 163 Ark. 524, and cases cited in those cases.

There is no error in the decree of the court, and it is therefore affirmed.