O'NEAL v. B. F. GOODRICH RUBBER COMPANY.

4-6762                                    162 S. W. 2d 52

Opinion delivered May 25, 1942.

*Boyd Tackett* and *Tom Kidd,* for appellant.

*C. H. Herndon* and *Alfred Featherston,* for appellee.

HOLT, J. August 31, 1931, appellee, B. F. Goodrich Rubber Company, sued appellant, W. A. O'Neal, and Tom O'Neal, as partners, doing business under the name of Red Ball Garage, to recover $353.50, balance due on account for merchandise. September 21, 1931, judgment by default was entered against W. A. O'Neal and Tom O'Neal in accordance with the prayer of the complaint.

September 2, 1941, the two O'Neals (defendants below) filed "Motion to Vacate Judgment," alleging as grounds therefor: Fraud in procuring the judgment; unavoidable casualty or misfortune preventing them from appearing or defending (§ 8246, Pope's Digest); that no summons was ever served upon either of the defendants; that they had no knowledge or information of the suit or of the judgment rendered; that they did not purchase any merchandise from the plaintiff (appellee); that the claim was barred by the statute of limitation; that appellee sold to the defendants automobile tires under a guarantee; that the tires did not meet the appellee's guarantee; that it became necessary for them to replace used tires with new ones and that if they had been given proper credit on these exchanges of tires, they would owe appellee nothing, and "Each of the defendants specifically denies that they were indebted to the plaintiff in any sum whatever" and "that they had at that time (when the judgment was rendered against them) and have now a meritorious defense to the alleged action."

November 19, 1941, there was a hearing on this motion to vacate the judgment of September 21, 1931. Quoting from the judgment of the court: ". . . the court finds from the evidence introduced that summons was

not served upon W. A. O'Neal or Tom O'Neal, but further finds that W. A. O'Neal had personal knowledge of the judgment being rendered within a short time after September, 1931, and finds that the said W. A. O'Neal is now estopped by his own laches from vacating said judgment. It is,. therefore, by the court . . . decreed that the motion of W. A. O'Neal to vacate judgment is . . . denied, and the . . . judgment is hereby vacated and set aside as to Tom O'Neal.''

W. A. O'Neal has appealed from the judgment as to him and appellee has cross-appealed from the action of the court in sustaining Tom O'Neal's motion to vacate the judgment as to him.

It is conceded that on September 21, 1931, when the judgment in question was rendered against W. A. O'Neal and Tom O'Neal, they were partners. The record before us reflects not only by the return of the officer, but by the recitals in the judgment of September 21, 1931, that W. A. O'Neal and Tom O'Neal were duly served with summons to appear in the action and this record *prima facie* must be taken to import absolute verity. *Moore* v. *Price,* 101 Ark. 142, 141 S. W. 501.

Before this judgment may be vacated it devolved upon the O'Neals to prove not only that they had not been properly served with summons, but they must allege and prove a meritorious defense, and that they did not know of the proceedings against them in time to make a defense.

In *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575, this court said: "Conceding . . . that the appellees were not served with process in the original suit, nevertheless appellees have failed to sustain their cause of action because they have utterly failed to show that they did not know of the proceedings in the original action in which judgment was rendered against them in time to make a defense. This was essential. In *State* v. *Hill,* 50 Ark. 458, 8 S. W. 401, Judge Cockrill, speaking for the court, said: 'One who is aggrieved by a judgment rendered in his absence must show not only that he was not summoned, but also that he did not know of

the proceeding in time to make a defense.' This language was also used in the case of *Moore* v. *Price,* 101 Ark. 142, 141 S. W. 501.''

And in *H. G. Pugh & Co.* v. *Martin,* 164 Ark. 423, 262 S. W. 308, this court said: ''Certainly, the court was justified in not vacating his decree unless facts showing fraud in the procurement of the judgment, or some valid defense to the action, were alleged. Section 6293, C. & M. Digest, (now § 8249, Pope's Digest), provides that a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment was rendered. It is the doctrine of this court that judgments on collateral attack will not be vacated until a meritorious defense is alleged and proved.''

Appellant, W. A. O'Neal, approximately ten years after the rendition of the judgment in question, contends that he had no knowledge of it, is not guilty of laches, and that he has alleged a meritorious defense. We think none of these contentions can be sustained. We agree with the finding of the trial court that W. A. O'Neal had personal knowledge that the judgment in question had been rendered against him shortly after its rendition September 21, 1931. There is in evidence copy of the following letter written by attorney, Jerry Witt, to Lemley & Lemley, attorneys in Hope, Arkansas, who procured the judgment in question for appellee:

''November 17, 1941. Messrs. Lemley & Lemley, Attys., Hope, Arkansas. Gentlemen: Mr. W. A. O'Neal of O'Neal Brothers of Glenwood is in the office and shows me the letter just received from you with reference to a judgment of the Goodrich Rubber Company against his firm. I happen to know both of the brothers and their financial condition. They operate the station at Glenwood and I know that the Bank here at Mount Ida has a mortgage on all of the equipment and fixtures in the garage for around $2,000.

''Mr. W. A. O'Neal tells me that the Louisiana Oil Refining Company is not indebted to his firm, or either of them, but that on the contrary they owe the Louisiana

Oil Refining Company. I will say this for these men that they are honest and I believe as quick as they get out from under this mortgage to the bank that they will make you a substantial payment on the judgment, and I trust that you can give them more time. I cannot see how you can collect with a garnishment suit or by an execution at the present time. With best personal regards, I remain Yours Very Truly, Jerry Witt.''

While this letter bears the date of November 17, 1941, we think it clear that by its contents, and other evidence in the record, the court was justified in finding that it was written November 17, 1931. W. A. O'Neal testified that at the present time and since 1934 he has been able to pay the judgment if required to do so. We think, therefore, the evidence establishes that W. A. O'Neal knew of this judgment at the time the letter was written and that he is barred by laches.

The textwriter in 34 Corpus Juris 263, § 488, announces the rule in this language: ''A party who has knowledge of the judgment against him is required to exercise reasonable diligence in seeking to have it set aside, and his unexcused delay in making the application, amounting to laches, will justify the court in refusing the relief asked . . .'' The case of *Awbrey* v. *Hoopes*, 145 Ark. 502, 224 S. W. 959, is cited in support of the text.

We are also of the view that neither W. A. O'Neal nor Tom O'Neal alleged and proved a meritorious defense as required. The trial court made no finding that either of these defendants (below) alleged or proved a meritorious defense. The effect of their allegations in their motion to vacate the judgment was that they did not owe the debt. While they alleged that they were operating under a guarantee with appellee, they did not set forth nor did they attempt to prove any of the terms of the alleged guarantee and their allegations amount to no more than conclusions of the pleader. No facts were alleged sufficient to show a meritorious defense such as would justify the vacating of this judgment as to W. A. O'Neal or Tom O'Neal, which they now attack collaterally approximately ten years after its rendition.

Accordingly the judgment against W. A. O'Neal on direct appeal is affirmed, and on cross-appeal the judgment in favor of Tom O'Neal is reversed and judgment will be entered here against him.

SMITH and MEHAFFY, JJ., dissent.