Davis *v.* Bank of Atkins.

4-6928          167 S. W. 2d 876

Opinion delivered January 25, 1943.

*Joe D. Shepherd,* for appellant.

*Hays & Wait,* for appellee.

Holt, J. September 27, 1934, appellant, Cora Davis, and R. M. Davis, her husband, executed a note in favor of the Bank of Atkins in the amount of $240, due October 15, 1935, and bearing ten per cent. interest from date until paid. Appellee sued appellants on this note May 3, 1936, in the court of a justice of the peace and summons was issued against both of the appellants.

The return of the officer showed personal service upon R. M. Davis, on May 16, 1936. There was no service upon Cora Davis. On the latter date judgment by default was entered by the justice of the peace against both defendants for the principal of the note together with interest and costs. May 26, following, an execution was issued out of the justice court and a return made thereon showing nothing found upon which to levy. June 29, 1936, a certified copy of the judgment, obtained in the court of the justice of the peace, was filed with the clerk of the circuit court of Pope county and by him entered upon the judgment docket of the circuit court.

March 19, 1942, an execution was issued by the circuit court of Pope county upon the judgment, and the sheriff levied upon a Ford automobile.

April 2, 1942, Cora Davis and her husband, R. M. Davis, jointly executed and delivered to Frank Moore (the brother of Cora Davis) a note in the amount of $700, secured by a mortgage upon the Ford car.

April 14, 1942, appellant, Cora Davis, and R. M. Davis, after giving proper notice of their intention so to do, filed separate motions to quash the execution. Appellant, Cora Davis, alleged that she did not owe the appellee anything, denied there was a judgment against her and alleged that no service of summons had ever been had upon her, and prayed that "said alleged judgment be held to be null and void as to this separate defendant and that said execution be quashed, and that the sheriff of Pope county, Arkansas, be ordered and directed to release and discharge said property and return the same to this separate defendant, etc.".

April 23, 1942, the cause was submitted on these motions, the judgment of J. M. Branson, justice of the peace and testimony taken before the court, and thereafter, on May 1, 1942, the court entered a judgment denying appellant's prayer to set the judgment aside and quash the execution. While the court had the cause under advisement R. M. Davis, appellant's husband, withdrew his motion, admitted liability on the note,

and the cause as to him was dismissed. This appeal followed.

Appellant urges for reversal that since she was never served with process the judgment against her was void, should have been set aside and the execution quashed. We cannot agree with this contention.

Appellee, proceeding under the provisions of § 8440 of Pope's Digest, on June 29, 1936, caused a certified copy of the judgment obtained in the court of the justice of the peace to be filed in the office of the circuit clerk of Pope county and entered upon the judgment docket of the circuit court. The effect of this action on the part of appellee under the section of the statute, *supra,* was to transfer completely the judgment from the justice court, an inferior court, to the circuit court, a superior court, and to give to this judgment the same force and effect, and the same remedies for enforcement, as if the judgment had been originally rendered by the superior court. *St. Louis & San Francisco Railroad Co.* v. *Bowman,* 76 Ark. 32, 88 S. W. 1033.

The judgment against appellant here was not void but voidable. Section 8246 of Pope's Digest provides certain grounds upon which a judgment, after the expiration of the term in which it was rendered, may be vacated or modified, but before this relief may be had, there must be compliance with § 8249 which provides in part "a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered, etc." "It is a doctrine of this court that judgments on collateral attack will not be vacated until a meritorious defense is alleged and proved." *H. G. Pugh & Co.* v. *Martin,* 164 Ark. 423, 262 S. W. 308.

In the instant case, while it is true appellant was never served with process, she does not allege a valid defense to the action. While she says she did not owe the debt, this bare allegation did not constitute a valid defense.

Appellant also argues that under the provisions of § 5303 of Pope's Digest she was entitled to have the

execution quashed. Under this section an execution may be stayed, set aside or quashed by the court upon good cause being shown. In construing this section of the statute, however, this court in *Flowers* v. *U. S. Fidelity & Guaranty Co.*, 89 Ark. 506, 117 S. W. 547, held that before a party would be entitled to have an execution quashed it was necessary first to show a valid defense to the action, which appellant here has failed to do. In the Flowers case this court said: "Section 3224 of Kirby's Digest (now § 5303, Pope's Digest) provides that a judge or a court out of which an execution issues may for a good cause shown, stay, set aside or quash the execution. The ground upon which Flowers invoked the aid of the court under this section was that the judgment upon which the execution was issued was rendered without any service of summons being had upon him. The court was right in not quashing the execution. The judgment was valid upon its face, and the term at which it was rendered had elapsed. Flowers does not even claim that he had a valid defense to the action. Conceding that no summons was served upon him, and that because of this fact the judgment was obtained through fraud or mistake, the court which rendered it could not have vacated it until it was adjudged that there was a valid defense to it." See, also, *O'Neal* v. *B. F. Goodrich Rubber Co.*, 204 Ark. 371, 162 S. W. 2d 52.

While it is conceded that appellant was never served with process, her husband testified positively that she signed the note in question with him. Appellant's name appears on the note. Appellant testified—"Q. Do you remember signing the note with your husband to the Bank of Atkins? A. He brought a note down there—it has been eight or nine years ago—a piece of paper—I guess that is what it was. Q. How do you usually sign? A. Cora Davis, I signed the note. Q. How much did you and your husband owe to the Bank of Atkins? A. He said a hundred dollars; I didn't know. Q. To refresh your memory didn't you sign a note for two hundred forty ($240) dollars to the Bank of Atkins? A. No, sir. . . . Q. At the time the summons was served on him

is when he told you about it? A. Yes, sir. Q. You know that you were also on that note? A. Yes. . . . Q. Just tell the court just what your husband told you with reference to having been summoned. A. Just said the Bank was suing him. Q. And you knew you were also on that note? A. Well, I knew I had signed it. They never did summons me if they had I would have been there.''

We think it clear from the above testimony that appellant signed the note in question along with her husband and thereby became jointly liable with him. No valid defense to the judgment having been interposed or shown by appellant, we conclude that the judgment should be affirmed, and it is so ordered.

GRIFFIN SMITH, C. J., concurs.

McFADDIN, J., dissenting. The so-called judgment in the justice of the peace court against Mrs. Davis was not a judgment: it was a nullity; and filing it in the circuit court gave it no validity. Calling it a judgment did not make it a judgment. If the decision of the majority is pursued to its logical conclusion, then in any suit on a note, if the plaintiff could have a writing entered as a judgment without summons or service, the debtor would thereby have the burden of alleging and proving a detailed defense against the note—merely because some justice of the peace, by misprision, entered a so-called judgment. This is against the spirit of the law, which requires a judgment to be rendered only after valid service.

CARTER, J., dissenting. The record in this case shows that Mrs. Cora Davis was not served with process. The summons and the return thereon are in the record. I think that the judgment against her and all proceedings based thereon are absolutely null and void—not merely voidable.

It is provided by statute, § 8194 of Pope's Digest, as follows: ''All judgments, orders, sentences, and decrees made, rendered or pronounced by any of the courts of the state against any one without notice, actual or constructive, and all proceedings had under

such judgments, orders, sentences or decrees, shall be absolutely null and void.''

This is pretty plain language. The majority holds that after all it means merely ''voidable.''

This statute enacted nothing new. It is only the common understanding of due process of law. A man cannot be convicted of a crime unless he is arrested and brought into court. Similarly a court cannot impose a personal obligation upon a defendant unless the state, not mere neighborhood or family gossip, does something to bring the defendant into court and give him an opportunity to be heard. The actual notice referred to in the above statute is the service of summons. The constructive notice referred to in the statute is not ordinarily a basis for a personal judgment—at any rate the method of giving constructive notice is provided by statute. No attempt to follow the statute as to constructive notice was made.

Neither method was followed in this case. If the defendant received any notice at all it was not the kind of notice contemplated by the above statute. All we have is that her husband told her that he was being sued by the bank on a note, and she knew she had signed a note with him.

It is true that § 8249 of Pope's Digest, a later statute, provides that a ''judgment'' shall not be vacated until it is adjudged that there is a valid defense to the cause of action on which the judgment was rendered. There was no ''judgment'' in this case. A proceeding which is absolutely null and void is nothing. It is not a judgment. I think that the long line of decisions, running back to the case of *Chambliss* v. *Reppy*, 54 Ark. 539, 16 S. W. 571, holding that a valid defense must be shown in order to vacate a judgment which is void for lack of service of process should be overruled.

It is argued that it would be doing a useless thing to treat this judgment as void unless a valid defense is shown. It is never useless for the court to obey a plain statute nor is it useless for a court to insist that a man's property should not be taken away from him without due

process of law. Further there may now exist a valid defense in this case. The note sued upon appears to have been long since barred by the statute of limitations. The note was due October 15, 1935. The void "judgment" was taken on May 16, 1936. The execution which the defendant seeks to have quashed was not taken out until May 19, 1942. Under the statute, quoted above, the judgment upon which the execution is issued was absolutely null and void, a mere nothing. The rendition of this judgment without notice to the defendant would not interrupt the running of the statute of limitations. It is doubtful whether, after the summons was returned unserved, the plaintiff could now claim that the filing of the suit stopped the running of the statute.

I think the judgment appealed from should be reversed, and the case remanded with orders to quash the execution.