Nichols *v.* Arkansas Trust Company.

4-7295                                               179 S. W. 2d 857

Opinion delivered April 24, 1944.

*O. H. Sumpter*, for appellant.

*Murphy & Wood*, for appellee.

SMITH, J.   In November, 1927, Lillie Nichols, wife of appellant, Frank Nichols, joined two others as makers of a note payable to appellee, Arkansas Trust Company, and as security therefor executed a mortgage on several tracts of real property. The debt not having been fully paid when due, suit was brought on the note with a prayer for the foreclosure of the mortgage securing it, and on October 27, 1931, a decree of foreclosure was rendered which ordered a sale of the mortgaged property. Pursuant to this decree, the property was sold July 27, 1933, but for a sum not sufficient to discharge the judgment debt, and on October 18, 1934, an execution issued against Lillie Nichols for this balance, and there was a sale under this execution of the land here in question. The trust company was the purchaser at this sale, and in due course received an execution deed from the sheriff who made the sale.

Based on this deed, suit for possession was filed July 6, 1939, against Mrs. Nichols and Frank, her husband. Proper service of the summons which issued in this case was had upon Mrs. Nichols. As to her husband, the sheriff's return reads as follows: ''I have this 6th day of July, 1939, duly served the within summons by delivering a true copy thereof to Frank Nichols by delivering a true copy thereof to Lillie Nichols, wife of Frank Nichols, she being over the age of 16 years and being at his usual place of abode (Frank Nichols is in the U. S. Penitentiary) and to Lillie Nichols therein commanded.''

The truth of the recital that Frank Nichols was then an inmate of a federal prison is not questioned, and

this being true the service had upon him did not conform to the requirements of the law in such cases, and he was not, therefore, served with summons. Section 1337; Pope's Digest; *Reeder* v. *Cargill*, 102 Ark. 518, 145 S. W. 225; *Puckett* v. *Needham*, 198 Ark. 123, 127 S. W. 2d 800.

Lillie Nichols filed on July 25, 1939, an answer, in which she denied all the allegations of the complaint, and for further answer averred "That on the 24th day of November, 1934, she was and still is the owner of the real estate here in question, and was in possession of and living on the following described property as her homestead." On April 19, 1940, an order was entered reciting that Lillie Nichols was then herself confined in a federal prison, and that the hearing of the case was by consent continued and set for May 27, 1940, on which date judgment was rendered for the plaintiff trust company for the possession of the property.

This judgment recites due service of process upon both Lillie Nichols and Frank Nichols, which finding evidently was based upon the return of the sheriff hereinabove copied. The judgment contains the recital: "On this 27th day of May, 1940, comes the plaintiff by its attorneys, Murphy & Wood; and come the defendants, Lillie Nichols and J. Frank Nichols, by their attorney, Cecil C. Talley." This recital imports an appearance by attorney, and one may so appear, although not served with process, and when an appearance is entered it becomes immaterial that process had not been served. The judgment contains the further recital that, "Defendant Lillie Nichols had not established her home on the said lands at the time of the judgment in favor of the plaintiff against her, or prior thereto, and her claim of homestead is overruled and denied." It was adjudged that plaintiff have and recover possession of the land, and the clerk was directed to issue a writ of possession.

It thus appears that it was adjudged that Mrs. Nichols did not have the right to claim a homestead exemption. There can be and is no question about her right to make the claim of homestead if she had resided on the property, as she had the title thereto.

Notwithstanding this judgment which ordered the issuance of a writ of possession, the trust company did not obtain possession, and on September 20, 1943, the trust company filed a petition in the circuit court, reciting that the writ of possession ordered by the judgment rendered May 27, 1940, had not been issued and that Lillie Nichols retained possession. It was prayed that the court direct its clerk to issue a writ of possession pursuant to the judgment rendered in May, 1940.

On September 28, 1940, appellant appeared specially and moved to quash the return of summons on which the May, 1940, judgment had been rendered, to vacate that judgment and to set aside and cancel the sheriff's deed based upon the execution sale hereinabove recited. It is asserted that this was Frank Nichols' first appearance in any of the proceedings in this case.

Nichols did not question in this motion that the legal title to the land was in his wife, but he did allege the following facts: "That this defendant has, and had at the time of the pretended service of said summons on him an equitable interest in and to the property described in the complaint and in said writ of possession, and has been in the actual, open, exclusive, adverse, hostile and continued ownership thereof for more than seven years next before the filing of plaintiff's complaint herein, and that he is a resident of the state of Arkansas, a married man and he claims as exempt from sale under execution said real property; that the execution and alleged sale was obtained and made under a judgment of the chancery court of Garland county in a suit for debt due upon contract and that this defendant was not a judgment-debtor therein nor a party defendant therein."

It thus appears that Frank Nichols is now attempting to assert the right of homestead after his wife had failed to establish that claim, and he asks this relief upon the allegation that he has an equitable interest in the property arising out of his seven years' occupancy of it as a homestead. His motion was dismissed, and from that order is this appeal.

It is conceded by appellant that to prevail he must first set aside the judgment of May, 1940, which recites that he was a party thereto and apparently concludes the right of homestead, and he bases this prayer for relief upon § 8194, Pope's Digest, which provides that: "All judgments, orders, sentences, and decrees made, rendered or pronounced by any of the courts of the state against any one without notice, actual or constructive, and all proceedings had under such judgments, orders, sentences or decrees, shall be absolutely null and void."

But if it be conceded that this May, 1940, judgment is void as against Frank Nichols as having been rendered without notice, although it recites his appearance by attorney, there is another statute which must be considered, § 8249, Pope's Digest, which reads as follows: "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment."

In a long line of cases beginning with *State* v. *Hill*, 50 Ark. 458, 8 S. W. 401, and extending to *O'Neal* v. *Goodrich Rubber Co.*, 204 Ark. 371, 162 S. W. 2d 52, and *Davis* v. *Bank of Atkins*, 205 Ark. 144, 167 S. W. 2d 876, this statute has been construed as imposing the requirement that a *prima facie* showing of a valid defense be made before the judgment will be vacated, although it is shown that it was rendered without notice. The practice under this statute is defined in the case of *Jerome Hardwood Lumber Co.* v. *Jackson-Vreeland Land Corp.*, 160 Ark. 303, 254 S. W. 660.

Appellant says he has had no day in court, and that he was not permitted to show that he had a meritorious and valid defense against the disallowance of his claim of homestead. But it cannot be presumed that he would have proven more than he alleged, and when the allegations of his motion to vacate the judgment of May, 1940, are read in connection with the facts disclosed by the

record, we are of the opinion that he does not allege facts entitling him to claim this property as his homestead and therefore exempt from the execution sale under which the trust company apparently acquired title. He does allege an equitable interest, but he also alleges that this interest is derived from his occupancy of the land. He does not deny that the title to the land was in his wife, and the homestead right was vested in her, if in anyone. That she did not have this right has been concluded by the judgment against her denying that right, and that judgment, so far as she is concerned, is not here questioned and has become final.

It was said in the case of *Rockafellow* v. *Peay*, 40 Ark. 69, that: "An equitable estate was enough (To support the claim of homestead.) Indeed, it is probable that the homestead exemption withdraws from the demands of creditors whatever interest the claimant has in the property dedicated to that use." See, also, *Robson* v. *Hough*, 56 Ark. 621, 20 S. W. 523; *White Sewing Machine Co.* v. *Wooster*, 66 Ark. 382, 50 S. W. 1000, 74 Am. St. Rep. 100; *Spalding* v. *Haley*, 101 Ark. 296, 142 S. W. 172; *Brooks* v. *Goodwin*, 123 Ark. 607, 186 S. W. 67; *Watson* v. *Poindexter*, 176 Ark. 1065, 5 S. W. 2d 299.

The failure of appellant to assert his right of homestead, if it exists, is not defeated by his failure to claim the homestead right before the sale of the property under the execution, as the statute (§ 7182, Pope's Digest) provides that this claim may be made after or before the sale on execution. This statute also provides that if the husband neglects or refuses to make the claim, his wife may intervene and set it up. *Hollis* v. *State*, 59 Ark. 211, 27 S. W. 73, 43 Am. St. Rep. 28. Now, if it be conceded, and we find it unnecessary to decide, that the husband may claim the right of homestead in the lands of his wife sold under an execution against her, when she neglects or refuses to make such claim, the fact remains that Mrs. Nichols did not neglect or refuse to make that claim. She made the claim, and it was disallowed, and that judgment is final as against her. The fact that the husband occupied the land in conjunction with his

wife as a homestead would not disentitle her to her homestead right, and it was not denied on that account.

We think no view of the record can be taken which entitles appellant to claim the property as his exempted homestead against the judgment rendered against his wife. The recitals in this judgment of May, 1940, of appellant's appearance by his attorney is not impeached, there being no allegation of the lack of authority of the attorney to appear, nor is there any allegation that fraud had been practiced in the recital. But, even so, appellant has not alleged facts constituting a *prima facie* showing of merit, and the judgment must, therefore, be affirmed, and it is so ordered.