AGEE v. WILDMAN

5-3740                                          398 S. W. 2d 542

Opinion delivered January 24, 1966

[Rehearing denied February 21, 1966.]

*H. Clay Robinson,* for appellant.

*Thorp Thomas,* for appellee.

JIM JOHNSON, Justice. This appeal arises from denial of a motion to set aside a judgment.

On November 22, 1963, an automobile driven by appellant William J. Agee collided with one driven by appellee Charlie G. Wildman. Suit for damages was filed in Pulaski Circuit Court by appellee against appellant on September 3, 1964. Summons was issued and returned unserved with the notation that the sheriff was unable to find appellant in Pulaski County. Summons was again issued on November 24, 1964, and was served by the sheriff on the Secretary of State as agent for service of process [under Ark. Stat. Ann. § 27-342.1 (Supp. 1965)]. When the case came up for trial, appellant failed to appear, appellee proved his damages and a default judgment was rendered against appellant. Thereafter appellant moved to set aside the judgment, under the provisions of Ark. Stat. Ann. § 29-506 (Repl. 1962), grounds for vacating a judgment after term. In an affidavit in support of his motion, appellant alleged that he had a meritorious defense. No proof was offered at the hearing on the motion to set aside the judgment. From the order entered March 22, 1965, denying appellant's motion, comes this appeal.

The first two points urged for reversal are: (1) the judgment by default against appellant was improperly rendered on constructive service because no attorney ad litem was appointed to represent him; and (2) appellant, as a constructively summoned defendant, had the right to have the action retried within two years after judgment.

Appellant was served under the provisions of Ark. Stat. Ann. § 27-342.1 (Supp. 1965), which by its terms is a special service statute. Therefore, appellant's points relative to constructive service have no merit.

Appellant's third point for reversal is that appellant is entitled to have the default judgment vacated because his failure to appear within the time provided was unavoidable in that he had no notice of the pendency of the action before the default was entered. Appellant urges

that the judgment should be set aside on the ground of unavoidable casualty, Ark. Stat. Ann. § 29-506.

In proceedings for vacation of judgment other statutes in that chapter must be considered in conjunction with § 29-506, including § 29-509, "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered, . . ." As was said in *Nichols* v. *Arkansas Trust Company*, 207 Ark. 174, 179 S. W. 2d 857:

> "In a long line of cases beginning with *State* v. *Hill*, 50 Ark. 458, 8 S. W. 401, and extending to *O'Neal* v. *Goodrich Rubber Co.*, 204 Ark. 371, 162 S. W. 2d 52, and *Davis* v. *Bank of Atkins*, 205 Ark. 144, 167 S. W. 2d 876, this statute [§ 29-509] has been construed as imposing the requirement that a *prima facie* showing of a valid defense be made before the judgment will be vacated, although it is shown that it was rendered without notice."

A meritorious defense not having been properly alleged and proved, the trial court correctly denied appellant's motion to vacate the default judgment.

Affirmed.

COBB, J., not participating.