EDWARD WATERMAN v. JIM WALTER CORPORATION, ET AL

4639                                   431 S.W. 2d 748

Opinion delivered September 23, 1968

*Edward H. Patterson* for appellant.

*Hardin, Barton, Hardin & Jesson* for appellees.

LYLE BROWN, Justice. . This suit stems from a vehicular .collision. between appellant Edward Waterman, and a driver for Jim Walter Corporation. The latter had leased a vehicle from Southern Auto Leasing Company. Jim .Walter. sued Waterman for damages, and Southern was later permitted to join in the case as a plaintiff. Jim Walter and Southern recovered judgment. Waterman appeals,. questioning the right of Jim Walter, the lessee, to bring the suit. Secondly, Waterman questions the right of Southern to be made a party plaintiff since Southern is a foreign corporation having no office in Sebastian County. .

The case was tried to a jury but the appeal is based on a partial record which incorporates only the pleadings, motions, orders thereon, and judgment.

When Jim Walter filed suit for damages to the vehicle, it alleged ownership. Other pertinent allegations are that Jim Walter is authorized to do business in Arkansas; that its principal office is in Sebastian County; that the accident occurred in Johnson County, the residence of Waterman; and that Waterman's negligence was the sole cause of the collision. Actually, Jim Walter sued Waterman and his father, alleging young Waterman to have been the agent of his father; however, the jury found against the plea of agency, from which there was no appeal.

The Watermans filed an answer and cross-complaint. They denied Jim Walter owned the damaged vehicle forming the basis of the complaint. However, the Watermans alleged some type of lease agreement between Jim Walter and Southern Auto Leasing Corporation.

Jim Walter subsequently filed a "Motion to Allow Plaintiff to Amend Complaint." By that pleading it was sought to make Southern a party plaintiff in view of the Watermans' allegation of ownership. That motion was granted on the day of filing. The next day an amendment was filed, alleging ownership of the car in

Southern and asserting that Jim Walter was in possession under a lease agreement. A copy of that amendment was served on the Watermans' counsel.

Six months later the Watermans moved to dismiss the amendment. The thrust of the argument was (1) that they had no notice of the filing of the motion to amend, (2) that Jim Walter was never legally in court because it did not own the automobile as alleged in the original complaint, and (3) that Jim Walter had no residence in Sebastian County. That motion was overruled and the action went to trial.

First, it is here contended that Jim Walter's original complaint did not state a cause of action in that Jim Walter's asserted ownership was a misstatement. However, by amendment, Jim Walter asserted a bailee interest which allegedly entitled it to recover for damages to the automobile. A copy of the amendment was received by Waterman's counsel. Permission was granted Jim Walter to amend without notice to Waterman, but, without present reference to that part of the amendment making Southern Leasing a party plaintiff, we see no prejudice. Jim Walter merely changed its position from that of alleged owner to lessee and reasserted its right to recover. Appellant contends, and for the first time on appeal, that the lease was not attached to the pleadings. That attachment was not necessary to state a cause of action.

Appellant next asserts that the pertinent venue statute does not include the right of the lessee to bring this suit. Ark. Stat. Ann. § 27-611 (Repl. 1962) permits the suit to be brought in the county of the residence of the owner of the property. It is true Jim Walter was not the owner of the property but it did assert such an interest as might give it a right to recover for damages to the vehicle. Assuming, without deciding, that Sebastian County was not the proper venue, the Watermans waived any defect in venue when they filed their answer and cross-complaint. Further, in announcing

ready for trial, the Watermans made no objection to venue.

Regarding the right of a bailee to bring suit for damages to the bailed vehicle, we think the right is well settled. *Ferguson & Son* v. *White,* 197 Ark. 183, 121 S.W. 2d 894 (1938); 9 Blash. Auto § 5857 (1955); 8 Am. Jur. 2d, Bailments § 247.

The status of the judgment in favor of Southern Leasing is different from that of Jim Walter. Southern Leasing was made a party plaintiff without notice to the Watermans; no summons was ever served on the Watermans by Southern Leasing; and the Watermans never filed any pleading against Southern Leasing which would waive their rights. In the first place, Southern Leasing had no semblance of statutory authority to sue the Watermans in Sebastian County because it was a foreign corporation and maintained no office in Arkansas. The trial court should have granted the Watermans' motion to dismiss Southern Leasing from the case.

Affirmed as to Jim Walter, reversed and dismissed as to Southern Leasing.