ELAINE BURNETT *v.* BOBBY JOE BURNETT

73-27                                         494 S.W. 2d 482

Opinion delivered May 21, 1973

*Simpson & Riffel,* for appellant.

*Burris & Berry,* for appellee.

LYLE BROWN, Justice. Appellant's motion to set aside a divorce decree was denied and she appeals. The chancellor found that more than ninety days had elapsed between

the entry of the decree of divorce and the presentation of the motion, therefore concluding that the motion should be denied.

The petition for divorce was filed April 27, 1972, and personal service was had on June 7, 1972. Appellant did not appear or plead and a decree was entered on July 11, 1972. Some eight days before the expiration of ninety days, appellant filed a motion to set aside the decree. She alleged that she had been advised by the husband that the action would be dismissed, that she was not notified of the hearing which resulted in the decree, and that she had a valid defense. Appellant contends that the chancellor should have granted a hearing on the motion because her motion was filed within 90 days of the entry of the decree, citing Ark. Stat. Ann. § 22-406.4 (Supp. 1971).

We find it unnecessary to interpret the recited statute because, as pointed out by appellee, appellant did not make a prima facie showing of a valid defense. Our Ark. Stat. Ann. § 29-509 (1962 Repl.) provides that a judgment shall not be vacated "until it is adjudged that there is a valid defense to the action. . ." The word "valid" as used in the statute means "meritorious". *Berringer* v. *Stevens,* 145 Ark. 293, 225 S.W. 14 (1920). In *Nichols* v. *Arkansas Trust Co.,* 207 Ark. 174, 179 S.W. 2d 857 (1944) we said:

> In a long line of cases beginning with *State* v. *Hill,* 50 Ark. 458, 8 S.W. 401, and extending to *O'Neal* v. *Goodrich Rubber Co.,* 204 Ark. 371, 162 S.W. 2d 52, and *Davis* v. *Bank of Atkins,* 205 Ark. 144, 167 S.W. 2d 876, this statute has been construed as imposing the requirement that a prima facie showing of a valid defense be made before the judgment will be vacated, although it is shown that it was rendered without notice.

Later holdings of the same import are *Haville* v. *Pearrow,* 233 Ark. 586, 346 S.W. 2d 204 (1961), and *Agee* v. *Wildman,* 240 Ark. 111, 398 S.W. 2d 542 (1966).

Affirmed.