## RENAULT CENTRAL, INC. *v.* INTERNATIONAL IMPORTS OF FAYETTEVILLE, INC.

79-31                                             583 S.W. 2d 10

Opinion delivered June 25, 1979
(Division I)

*Jones & Segers,* for appellant.

*Festus H. Martin,* by: *F. H. Martin,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellee, an Arkansas corporation, filed suit against appellant, an Illinois corporation, on April 20, 1978, alleging that appellant had breached a contract under which appellant was to provide new cars which appellee was to sell at a retail outlet. A summons was issued and it and a copy of the complaint were sent by registered mail to the appellant's designated agent for service in Illinois, CT Corporation. The return receipt indicated that the complaint, summons and a letter from the appellee's attorney had been received by CT Corporation on April 24, 1978. No answer was filed by the appellant and on June 8, 1978, the appellee moved for a default judgment. The trial judge granted the motion and held a hearing on the amount of damages, resulting in a judgment in favor of the appellee for $58,533.03 plus costs and interest, entered on June 8, 1978.

The appellant filed a "Motion to Set Aside and Vacate the Judgment" on July 6, 1978. The appellant later filed a first and second amendment to this motion. A hearing was held on the motion on August 29, 1978. The trial judge found that the term of court in which the judgment was rendered had expired prior to the filing of the motion, that appellant had more than 30 days' notice prior to the entry of judgment and that appellant had failed to make a prima facie case of any meritorious defense and denied the motion. This appeal followed.

The appellant has raised three points for reversal, but only two will be discussed. The other point relates to appellee's first attempt to obtain service of process on the appellant through the Pulaski County Sheriff's Office and the Secretary of State. Appellee concedes in its brief that this attempted service was not perfected, and therefore it will not be discussed.

The first point to be considered is the appellant's contention that the service of process on the appellant, pursuant to

Ark. Stat. Ann. § 27-2503 (Supp. 1977), was improper because the summons and complaint were mailed to the appellant's agent for service in Illinois, rather than to the appellant itself.

We find it unnecessary to rule on the validity of the service in our disposition of this appeal, because appellant failed to show that it had no knowledge of the proceeding and had a meritorious defense.

Ark. Stat. Ann. § 29-509 (Repl. 1962) provides in part: "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered . . . . " The word "valid", as used in the statute, has been judicially determined to be synonymous with, or equivalent to, "meritorious." *Berringer* v. *Stevens*, 145 Ark. 293, 225 S.W. 14. Therefore, before the appellant in this action would be entitled to have the default judgment of June 8, 1978, set aside or vacated, it must meet the burden of a prima facie showing of the existence of a meritorious defense against the action of the appellee. *Burnett* v. *Burnett*, 254 Ark. 507, 494 S.W. 2d 482; *Agee* v. *Wildman,* 240 Ark. 111, 398 S.W. 2d 542. In a frequently quoted portion of *. Vichols* v. *Arkansas Trust Co.*, 207 Ark. 174, 179 S.W. 2d 857, we said:

> In a long line of cases beginning with *State* v. *Hill,* 50 Ark. 458, 8 S.W. 401, and extending to *O 'Neal* v. *Goodrich Rubber Co.*, 204 Ark. 371, 162 S.W. 2d 52, and *David* v. *Bank of Atkins*, 205 Ark. 144, 167 S.W. 2d 876, this statute [§29-509] has been construed as imposing the requirement that a *prima facie* showing of a valid defense be made before the judgment will be vacated, although it is shown that it was rendered without notice. The practice under this statute is defined in the case of *Jerome Hardwood Lumber Co.* v. *Jackson-Vreeland Land Corp.* 160 Ark. 303, 254 S.W. 660.

It is also well established that, on a motion to vacate a default judgment, the movant must first demonstrate that he did not know of the proceedings in which the judgment was rendered. *Employers Mutual Casualty Co.* v. *Buckner,* 233 Ark. 564, 345 S.W. 2d 924. From the opinion:

\* \* \*After the entry of a default judgment the defendant's attack should be directed against the judgment rather than against the service of process. *Files* v. *Robinson & Co.,* 30 Ark. 487, 495. Although a judgment may be set aside for unavoidable casualty upon a showing that the defendant was not served with process, the defendant must also show that he did not know of the proceeding against him and that he has a meritorious defense. *Hunton* v. *Euper,* 63 Ark. 323, 38 S.W. 517; *Blanton Co.* v. *First Nat. Bank,* 175 Ark. 1107, 1 S.W. 2d 558; *O'Neal* v. *B. F. Goodrich Rubber Co.,* [supra] In the case at bar the appellant has not alleged and has not proved either that it did not know of this proceeding or that it has a defense. An order merely setting aside the service of process would accomplish nothing, for the appellant would still be subject to liability upon the judgment.

Although Renault Central, Inc. did allege, in its motion to vacate the default judgment and the two amendments thereto, the existence of a meritorious defense to the action and that the summons and complaint were not received by Renault USA, the parent company of Renault Central, until July 6, 1978, there was no proof presented at the hearing on August 29 to substantiate either of these allegations. As a matter of fact appellant presented no evidence at all.

A trial judge has wide discretion in determining whether a default judgment should be vacated and this court will not reverse the decision of the trial judge unless he has abused that discretion. *Jetton* v. *Fawcett,* 264 Ark. 69, 568 S.W. 2d 42 (1978); and *Davis* v. *McBride,* 247 Ark. 895, 448 S.W. 2d 37. In a case such as this, where no attempt was made to show either the existence of a meritorious defense or a lack of knowledge of the pendency of the proceeding, we cannot say that refusal to grant a motion to vacate was an abuse of discretion.

The appellant's final point for reversal, a contention that the damages awarded to the appellee were arbitrary, excessive and improper, has merit and requires that this case be remanded for a hearing on the amount of damages. The complaint alleged that the appellee had hired new employees,

made alterations to its sales outlet premises and incurred substantial advertising expenses, all in preparation for the retail sale of automobiles supplied by the appellant. It was further alleged that the appellant had assured the appellee that it would compensate the appellee for any expense or loss occasioned by the appellee putting the automobiles in a merchantable condition and that the appellee had suffered damages to its business reputation due to the unmerchantable condition of the automobiles delivered by the appellant. The only specific amounts pleaded by the appellee were $4,010.20 loss in the resale of the vehicles which were delivered in an unmerchantable condition and $6,676.83 for parts, tools and other items which were returned to the appellant by the appellee. The prayer was for total relief of $79,500.00.

The hearing on the amount of damages was held on the same day that the default judgment against the appellant was entered. The only witness at this hearing was Frederick Martin Gray, an employee of the appellee. As a result of this hearing, the trial judge awarded the appellee damages in the amount of $58,533.03, itemized as follows: $4,010.20 for loss due to unmerchantable condition of cars; $7,022.83 for returned parts and tools and unreimbursed warranty repairs made by the appellee; $8,000.00 for expense of putting the cars in a saleable condition; $10,000.00 as one-third of the cost of an addition to the showroom, originally built to show cars supplied by the appellant, but used to house other cars at the time of the hearing; $4,000.00 for expense of hiring additional employees; $9,500.00 for projected profits lost on resale of vehicles due to unmerchantable condition; $7,000.00 for interest expense on financing of cars supplied by appellant and $8,000.00 for advertising expense. (The total of these amounts is actually $57,533.03, not $58,533.03.)

*Kohlenberger, Inc.* v. *Tyson's Foods,* 256 Ark. 584, 510 S.W. 2d 555, is the most recent pronouncement of this court concerning the award of damages following the entry of a default judgment. There we reversed an award for the appellee and remanded the cause for a determination of damages because there were elements of recovery in the award of damages which were not contained in the allegations of the complaint. For example, we found no basis for the award of damages for

sums expended by the plaintiff for labor to grind and auger ice, because there was no allegation in the complaint pertaining to this item of damage. The appellee's complaint in this case suffers from the same inadequacies. Two elements of the appellee's recovery, interest expense and lost profits, were not even alleged in the complaint, more was awarded for the return of parts and tools than was pleaded and no specific amounts were claimed for the other elements of damages alleged in the complaint. As pointed out in *Kohlenberger*, a default judgment must strictly conform to, and be supported by, the allegations of the complaint, and a closer correspondence between the pleading and the judgment is required than would be after a contested trial on the merits. The following language from *Kohlenberger* is especially appropriate in this action:

> The judgment was based on evidence heard by the court as well as the allegations of the complaint. Even if the evidence supplied the deficiencies, it would not support the judgment. The allegations of a complaint cannot be enlarged by evidence introduced to support a judgment by default. *Kerr v. Kerr*, 234 Ark. 607, 353 S.W. 2d 350. Although there was no evidence offered to show the true measure of damages in this respect, we find no reason to say that it could not be produced on a retrial, so the case will be remanded . . . . .

This case is remanded to the trial court for a hearing on the amount of damages to be awarded upon the default judgment entered in favor of the appellee, International Imports of Fayetteville, Inc.

We agree. HARRIS, C.J., and HOLT and PURTLE, JJ.