Linda L. HARGIS *v.* Freddie W. HARGIS

87-10                                               731 S.W.2d 198

Supreme Court of Arkansas
Opinion delivered June 22, 1987

488

*Pearson, Woodruff & Evans*, by: *C. Thomas Pearson, Jr.*, and *Pat A. Jackson*, for appellant.

*Everett & Gladwin*, by: *John C. Everett*, for appellee.

ROBERT H. DUDLEY, Justice. This is an appeal from the denial of a motion to set aside a divorce decree. Appellant, Linda Hargis, and appellee, Freddie Hargis, both domiciliaries of the State of Arkansas, were married on January 31, 1986. During their one and one-half months of married life, they lived in Madison County. On March 13, 1986, they separated and the appellant moved back to her native Benton County. On March 31, 1986, appellee, Freddie Hargis, still a resident of Madison County, filed a complaint for divorce in Washington County. On May 7, 1986, an instrument executed by appellant, Linda Hargis, was filed in the Chancery Court of Washington County. It was styled "Waiver of Service and *Venue* and Entry of Appearance." The instrument "expressly waives *venue* in this action." On June 30, 1986, the decree of divorce was entered.

On August 18, within ninety days after the decree was entered, appellant filed a motion pursuant to ARCP Rule 60(b) to set aside the decree. In her motion she alleged that appellee had never lived in Washington County; that she signed the waiver of venue under duress and without counsel; that appellee had defrauded her by telling her after a reconciliation that he would not use the waiver and would not file for divorce when, in fact, he had already done so. In the motion she did not allege that she had a valid defense to the complaint for divorce and, upon a hearing, did not make a prima facie showing of such a defense. The trial court denied her motion to set aside the divorce decree. We affirm.

■ ARCP Rule 60(d), and its predecessor statute, Ark. Stat. Ann. § 29-509 (Repl. 1962), provides that, on collateral attack, judgments will not be vacated unless a meritorious defense is alleged and proved. In *H.G. Pugh & Co.* v. *Martin,* 164 Ark. 423, 262 S.W. 308 (1924), we even said this was a "doctrine of this court." For a case, almost identical to the one at bar, in which we affirmed the trial court in dismissing a motion to set aside a judgment, see *Burnett* v. *Burnett,* 254 Ark. 507, 494 S.W.2d 482 (1973). Here, the appellant neither alleged nor made a prima facie showing of a valid defense, thus, the decree of the lower court must be affirmed.

Though not expressly argued, the appellant, in effect, contends that Rule 60(d) is not applicable since the decree is void ab initio for lack of jurisdiction. We need not decide whether the Rule 60(d) requirement is applicable when a judgment or decree is void because the decree in this case is not void. (However, we note that in interpreting the predecessor statute we held that the requirement must be met even when fraud was practiced. *Quigley* v. *Hammond,* 104 Ark. 449, 148 S.W. 275 (1912)).

In *Bachman* v. *Bachman,* 274 Ark. 23 621 S.W.2d 701 (1981), we pointed out that there are two separate residency statutes in our divorce laws. One, Ark. Stat. Ann. § 34-1208 (Repl. 1962) deals with the necessity of residing in this State for a designated period of time before a court of this State can acquire jurisdiction. Residency in that statute is the equivalent of domicile in its more restrictive sense. Ark. Stat. Ann. § 34-1208.1 (Repl. 1962). The other residency statute, Ark. Stat. Ann. § 34-1204 (Supp. 1985), deals with venue. The part of the venue statute which is applicable to this case provides that "the proceedings shall be in the county where the complainant resides. . . ." Ark. Stat. Ann. § 34-1204 (Supp. 1985).

■■ In *Gland-o-Lac Co.* v. *Creekmore, Judge,* 230 Ark. 919, 924, 327 S.W.2d 558, 561 (1959), we explained the difference between jurisdiction and venue as follows:

> [V]enue mean[s] the place, that is the county or district wherein a cause is to be tried; and jurisdiction mean[s], not the place of trial, but the power of the court to hear and determine a cause, including the power to enforce its judgment.

A more concise definition of the two terms is:

> Jurisdiction deals with the authority of a court to exercise judicial power. Venue deals with the place where that power should be exercised.

M. Green, *Basic Civil Procedure* 51 (1972).

Judge Newbern has written:

> An action brought in the proper county is one in which the venue is said to be properly laid. The venue concept should have to do with nothing but choosing among courts of two or more places in which jurisdiction of the subject matter and jurisdiction of the defendant or defendants exist.

D. Newbern, *Ark. Civil Prac. and Proc.*, § 6-1 (1985).

Jurisdiction cannot be conferred upon a court by consent or waiver when the court would otherwise have no jurisdiction of the subject matter of the action. *Arkansas Association of County Judges* v. *Green*, 232 Ark. 438, 338 S.W.2d 672 (1960). However, the venue of an action may be waived. *Waterman* v. *Jim Walter Corp.*, 245 Ark. 218, 431 S.W.2d 748 (1968). For example, in *Arkansas State Racing Comm'n* v. *Southland Racing Corp.*, 226 Ark. 995, 295 S.W.2d 617 (1956), we said "the settled rule is that an objection to venue is waived by a defendant who enters his appearance. . . ."

In this case the statute requiring residency in the State, or domicile, was clearly satisfied. The courts of this State had the authority to exercise judicial power over the res of the marriage. The suit was not filed in the county of proper venue, but the appellant expressly entered her appearance and waived venue. Since venue can be waived, the Chancery Court of Washington County could exercise its power, and the decree was not void.

Appellant points out that we have used the term "jurisdiction" in a number of cases when we were discussing the "venue" statute. We acknowledge we have, at times, inartfully used the terms. For example, in *McLaughlin* v. *McLaughlin*, 193 Ark. 207, 99 S.W.2d 571 (1936), we labeled "venue" as "jurisdiction," but even though we transposed the terms in that case, we would still reach the same result that we previously reached on that

direct appeal.

Affirmed.

HAYS and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. Neither appellant nor appellee has ever been a resident of Washington County even though appellee alleged he was in his complaint. Because I believe extrinsic fraud occurred in appellant's obtaining the divorce, I cannot agree that venue existed in the Washington County Chancery Court, much less that it could be waived. *See Murphy* v. *Murphy*, 200 Ark. 458, 140 S.W.2d 416 (1940). I would reverse and dismiss.

HAYS, J., joins in this dissent.